EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 111 |
| | 195 DPR ____ |
| Carlos J. Nazario Díaz | |

Número del Caso: CP-2013-31

Fecha: 26 de mayo de 2016

Oficina de la Procuradora General:

>       Lcda. Karla Pacheco Álvarez
>       Subprocuradora General

>       Lcda. Minnie H. Rodríguez López
>       Procuradora General Auxiliar

Abogada del querellado:

>       Lcda. Margarita Carrillo Iturrino

Comisionada Especial:

>       Hon. Jeannette Ramos Buonomo

Materia: La suspensión será efectiva el 31 de mayo de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos J. Nazario Díaz

CP-2013-0031

PER CURIAM

En San Juan, Puerto Rico, a 26 de mayo de 2016.

Este Tribunal tiene la encomienda de atender una querella presentada contra el Lcdo. Carlos J. Nazario Díaz, a quien se le imputó infringir los Cánones 12, 18, 19, 20 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX, CC. 12, 18, 19, 20 y 38, al no observar la debida diligencia en la representación de su cliente. Por los fundamentos que exponemos a continuación, ordenamos la suspensión inmediata del letrado del ejercicio de la abogacía y notaría por un término de seis meses.

I

En el 2011, Caguas Lumber Yard, Inc. (Caguas Lumber), representada por su presidente, el Sr. Gildo Massó Aponte, le arrendó un solar a la Segunda Iglesia Bautista de Ponce, Inc. (Iglesia), representada por su pastor, el Sr. Fernando López Torres. La vigencia del contrato era por un término de treinta y seis meses y disponía que Caguas Lumber podría dar por terminado el contrato sin penalidad alguna en caso de que el solar se vendiera a un tercero, siempre y cuando le notificara a la Iglesia los detalles de la transacción. Con esa notificación, a su vez, comenzaría un término para el desalojo de la propiedad. No obstante, el contrato también establecía un derecho de tanteo a favor de la Iglesia en caso de que se vendiera el solar. Conforme a esa cláusula, la Iglesia debía igualar la oferta y presentar evidencia de su capacidad de financiamiento dentro de un término especificado. De cumplirse ese requisito, Caguas Lumber estaría obligada a venderle la propiedad a la Iglesia.

Luego de un mes de que se perfeccionara el contrato, el señor Massó Aponte le notificó al pastor López Torres que había recibido una oferta de compra, por lo que comenzaba a discurrir el término para ejercer el derecho de tanteo sobre el solar o desalojar la propiedad. El licenciado Nazario Díaz asesoró a la Iglesia en relación a las gestiones para ejercer ese derecho de tanteo. Específicamente, le instruyó a realizar los trámites

correspondientes para conseguir el financiamiento necesario para adquirir la propiedad. Así, les indicó que si el término dispuesto en el contrato para igualar la oferta y presentar evidencia de la viabilidad económica no era suficiente, presentaría una solicitud de interdicto preliminar y permanente con el fin de paralizar la venta y de esa forma extender el período disponible para completar ese trámite.

Debido a que la Iglesia no obtuvo el financiamiento en el plazo estipulado, el señor Massó Aponte dio por terminado el contrato con esa institución. A su vez, el licenciado Nazario Díaz, en representación de la Iglesia, procedió según había adelantado y presentó una solicitud de interdicto preliminar y permanente contra Caguas Lumber ante el Tribunal de Primera Instancia, Sala Superior de Caguas.

Poco tiempo después, el foro primario dictó una sentencia parcial en la que desestimó la demanda, puesto que los documentos que se acompañaron a la solicitud "le da[ban] la razón al Demandado". Informe de la Comisionada Especial, pág. 7. No obstante, ese foro le concedió un plazo a la Iglesia para que convirtiera la petición de interdicto en un pleito ordinario de incumplimiento de contrato. Sin embargo, al poco tiempo y a solicitud de Caguas Lumber, el Tribunal de Primera Instancia dictó otra sentencia en la que, al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, desestimó la

demanda por completo al "no existir una causa de acción que ameritara la concesión de un remedio." Informe de la Comisionada Especial, pág. 8.

Posteriormente, el licenciado Nazario Díaz presentó una petición de interdicto enmendada y, tras advenir en conocimiento de la segunda sentencia de desestimación, presentó, además, una moción de reconsideración en el primer caso. Conforme a las determinaciones de hecho de la Comisionada Especial, el pastor López Torres reconoció que el licenciado Nazario Díaz le mantuvo al tanto de los pormenores del caso hasta ese momento. Eventualmente, el Tribunal de Primera Instancia denegó la moción de reconsideración. Sin embargo, surge del informe de la Comisionada Especial que el licenciado Nazario Díaz no le notificó ese incidente a la Iglesia. Por otro lado, Caguas Lumber solicitó que se impusiera el pago de costas en el caso, por lo que el foro primario le concedió a la Iglesia un término de veinte días para expresarse al respecto. Toda vez que la Iglesia no compareció, el Tribunal de Primera Instancia concedió las costas según solicitadas.

Simultáneamente, Caguas Lumber presentó una demanda de desahucio sumario contra la Iglesia ante el Tribunal de Primera Instancia, Sala Superior de Ponce. La vista se señaló para el 26 de septiembre de 2011 a las 9:00 a.m. Ese día, el pastor López Torres acudió al tribunal y al no encontrar al licenciado Nazario Díaz, lo llamó para inquirir sobre su paradero. El letrado le informó que se

encontraba en su oficina en Bayamón y que había anotado en su calendario una fecha incorrecta para la vista de ese día. Así, le pidió que solicitara un turno posterior a la jueza que presidía la sala donde se llevaría a cabo la vista.

Posteriormente, el pastor López Torres se comunicó en repetidas ocasiones con el licenciado Nazario Díaz, quien le comentó que había sufrido un contratiempo con su automóvil que retrasaría su llegada a la sala. Luego de varias posposiciones y de esperar toda la mañana, el tribunal celebró la vista de desahucio sin la comparecencia del licenciado Nazario Díaz. El pastor López Torres se enteró por primera vez durante esta vista que la moción de reconsideración que presentó el licenciado Nazario Díaz en el primer caso sobre interdicto había sido denegada. Al concluir el procedimiento, el foro primario proveyó con lugar a la demanda de desahucio.

Posteriormente, y ante el fallo adverso, el licenciado Nazario Díaz presentó una moción de reconsideración en el procedimiento de desahucio sumario, en la que se limitó a expresar que no compareció a la vista debido a una "situación personal". <u>Informe de la Comisionada Especial</u>, pág. 9. Además, en ese escrito el letrado contestó por primera vez la demanda de desahucio. No obstante, el foro primario decretó el desahucio y denegó la moción de reconsideración.

El pastor López Torres se comunicó con el licenciado Nazario Díaz en varias ocasiones para notificarle que Caguas Lumber le estaba requiriendo a la Iglesia que abandonara la propiedad arrendada. Cuando un alguacil acudió al terreno para diligenciar la orden de desalojo, el pastor López Torres se comunicó nuevamente con el letrado, quien, a su vez, le informó al alguacil que se alistaba a presentar un recurso de apelación, por lo que aún no procedía ejecutar el desahucio.

Así las cosas, el licenciado Nazario Díaz presentó una apelación ante el Tribunal de Apelaciones con el propósito de que se revocara la sentencia de desahucio. El letrado también presentó ante el Tribunal de Primera Instancia una moción para que se paralizaran los procedimientos de desalojo debido a la presentación del recurso de apelación ante el foro apelativo intermedio. Ese mismo día, el foro primario convocó una vista urgente para discutir esa moción. Allí el tribunal le informó al licenciado Nazario Díaz que el término para recurrir en un procedimiento de desahucio sumario era de cinco días, por lo que la sentencia había advenido final y firme. Así, proveyó no ha lugar a la moción. Al concluir la vista, el pastor López Torres pudo hablar con el licenciado Nazario Díaz, quien le expresó que ya no había nada más que hacer y que la Iglesia tenía que desalojar el solar.

Por su parte, Caguas Lumber presentó una moción ante el Tribunal de Apelaciones en la que solicitó la

desestimación del recurso por falta de jurisdicción, toda vez que este se presentó tardíamente. El licenciado Nazario Díaz, a su vez, presentó una réplica en la que reiteró los argumentos contenidos en su recurso, pero no abordó el aspecto jurisdiccional, a pesar de que el foro apelativo intermedio le había concedido un término para expresarse al respecto. En consecuencia, el Tribunal de Apelaciones desestimó la apelación.

Luego del desalojo del solar, otra abogada y también feligrés de la Iglesia, la Lcda. Milagros Rodríguez Alicea, se acercó al pastor López Torres para discutir el desenlace del caso. Esto motivó al pastor López Torres a revisar el expediente judicial. Al hacerlo, se enteró de que el señor Massó Aponte presentó una moción en la que solicitó el reembolso de los gastos incurridos en la ejecución de la sentencia y el pago por ciertos daños supuestamente causados por la Iglesia al solar. El tribunal le había concedido veinte días a la Iglesia para expresarse al respecto, por lo que la licenciada Rodríguez Alicea compareció por escrito ante el tribunal en representación de la institución para oponerse a la referida moción. Allí le informó al tribunal la dificultad que confrontaba la Iglesia para comunicarse con el licenciado Nazario Díaz.

Posteriormente, el pastor López Torres se comunicó con el licenciado Nazario Díaz para solicitarle que renunciara a la representación legal de la Iglesia. Debido

a que el letrado no llevó a cabo la gestión solicitada, el 15 de enero de 2012 el pastor le envió una carta en la que le pidió nuevamente que renunciara a la representación legal de la Iglesia. Según surge del expediente ante nuestra consideración, el licenciado Nazario Díaz aún no ha renunciado a la representación legal de la Iglesia. Por el contrario, luego de recibir la carta antes mencionada, compareció ante el tribunal para solicitar el reseñalamiento de la vista para la discusión de la moción presentada por el señor Massó Aponte sobre cobro de los gastos de desalojo.

Por todo lo anterior, el pastor López Torres presentó ante este Tribunal una queja contra el licenciado Nazario Díaz. En lo pertinente, señaló que el letrado: (1) no contestó oportunamente la demanda de desahucio sumario presentada por Caguas Lumber y Massó Class Seven Unsecured Creditors Trust contra la Iglesia; (2) no compareció a la vista ante el Tribunal de Primera Instancia, lo que provocó que se dictara una sentencia a favor de Caguas Lumber, sin que la Iglesia pudiera presentar sus defensas; (3) incumplió con el plazo concedido por el Tribunal de Apelaciones para expresarse sobre la jurisdicción de ese foro para entender en el recurso que presentó para revocar la sentencia de desahucio; (4) presentó ese recurso luego de expirado el término jurisdiccional; (5) no le mantuvo informado de los pormenores del caso, ni contestaba sus llamadas; (6) no le notificó la solicitud de costas

presentada por Caguas Lumber en el pleito de desahucio; (7) no atendió la solicitud de renuncia a la representación legal efectuada por la Iglesia; (8) presentó una solicitud de interdicto en el Tribunal de Primera Instancia, Sala Superior de Caguas, aunque el foro con competencia era el de Ponce, y (9) fungió como agente de bienes raíces del arrendador-demandante, y devengó $3,750.00 de la fianza prestada bajo el contrato de arrendamiento.

El licenciado Nazario Díaz contestó la queja pero se limitó a argumentar que las imputaciones aducidas en la queja eran frívolas, toda vez que respondían a la molestia de la Iglesia porque no prevaleció en sus reclamos. Posteriormente, remitimos la queja a la Oficina de la Procuradora General para que investigara y presentara su informe, encomienda que completó oportunamente. Luego de examinar ese informe, así como el escrito de oposición que presentó el licenciado Nazario Díaz, instruimos a la Procuradora General a que presentara la querella correspondiente. En esta, se le imputó al licenciado Nazario Díaz infringir los Cánones 12, 18 y 19 del Código de Ética Profesional, supra. En particular, se alegó que el letrado quebrantó el Canon 12, supra, al no comparecer a la vista de desahucio y el Canon 18, supra, debido a que no defendió diligentemente los intereses de la Iglesia y no demostró la competencia que exige el ejercicio de la profesión al desconocer el término para recurrir al

Tribunal de Apelaciones. Finalmente, se le imputó al licenciado Nazario Díaz transgredir el Canon 19, supra, al no mantener informado a su cliente respecto a los dictámenes judiciales emitidos en su contra.

El licenciado Nazario Díaz contestó la querella y reiteró, sin elaborar, que "situaciones personales", fuera de su control, le impidieron llegar a la vista de desahucio, pero que mantuvo comunicación telefónica con el pastor López Torres. Asimismo, señaló que la tardanza en presentar la apelación se debió a que desconocía que la Ley Núm. 86-2011 enmendó el Art. 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831, para acortar el término en que se apelan las sentencias sobre desahucios sumarios. Finalmente, expresó que a su entender, hizo todos los esfuerzos posibles en defensa de los intereses de su cliente. Ante ese cuadro, nombramos a la Hon. Jeannette Ramos Buonomo como Comisionada Especial y le encomendamos la tarea de recibir prueba, así como elaborar un informe con las determinaciones de hechos y recomendaciones pertinentes.

Luego de varios incidentes procesales, la Oficina de la Procuradora General nos solicitó autorización para enmendar la querella y añadir nuevos cargos contra el licenciado Nazario Díaz. Autorizamos esa solicitud y la Procuradora General incluyó los siguientes cargos adicionales: (1) violación del Canon 20 de Ética Profesional, supra, por no renunciar al caso ni entregar

el expediente cuando le fue solicitado y (2) violación del Canon 38 de Ética Profesional, supra, por la conducta impropia desplegada en representación de su cliente.

El letrado contestó la querella enmendada oportunamente y detalló, por primera vez, las situaciones personales a las que había hecho referencia anteriormente. Reveló que apuntó erróneamente en su calendario la fecha de la vista de desahucio, la cual estaba pautada para las 9:00 a.m., por lo cual le solicitó al pastor López Torres que solicitara un turno posterior. Además, alegó que por desperfectos con su automóvil llegó al tribunal a las 11:30 a.m. y que, para ese entonces, la vista ya había concluido. En cuanto a los nuevos cargos, aseguró que informó a su cliente de la sentencia que dictó el Tribunal de Apelaciones y que fue el pastor López Torres quien cortó la comunicación entre ambos, a pesar de sus esfuerzos por restablecerla.

Cabe destacar que durante los procedimientos celebrados ante la Comisionada Especial, el licenciado Nazario Díaz aceptó los cargos relacionados con los Cánones 12 y 18 del Código de Ética Profesional, supra, por lo que las partes acordaron presentar prueba sobre las demás violaciones imputadas en la querella. Además, se acordó elevar los expedientes judiciales de los casos Segunda Iglesia Bautista de Ponce, Inc. y otros v. Caguas Lumber Yard, Inc. y otros, Caso Núm. EACI 2012-03734 y

<u>Caguas Lumber Yard, Inc. y otros v. Segunda Iglesia Bautista de Ponce, Inc. y otros</u>, Caso Núm. JPE 2011-0612.

Subsiguientemente, la Oficina de la Procuradora General presentó una moción informativa en la que indicó que la imputación que se le hizo al letrado por conflicto de intereses, respecto a la suma de $3,750.00 devengados por la transacción del arrendamiento, fue objeto de una queja anterior. Añadió que esta se archivó por recomendación de la propia Procuradora General. Por lo tanto, ese asunto no es objeto del presente proceso disciplinario.

Luego de celebrarse la vista en su fondo, la Comisionada Especial emitió su informe en el que concluyó que el licenciado Nazario Díaz infringió los Cánones 12, 18, 19, 20 y 38 del Código de Ética Profesional, <u>supra</u>, al no mostrar la debida diligencia en la representación de su cliente. Asimismo, puntualizó que este Tribunal debía considerar al momento de establecer la sanción correspondiente que el letrado fue sancionado anteriormente por conducta similar a la imputada en este procedimiento.

## II

A tenor con nuestro poder inherente de regular la profesión jurídica, este Tribunal tiene la encomienda de procurar que los abogados admitidos a este Foro ejerzan su profesión de manera responsable, competente y diligente. <u>In re Castillo del Valle</u>, 191 DPR 633, 639 (2014). A esos

fines, el Código de Ética Profesional prescribe las normas de conducta que deben regir la práctica de la profesión legal. In re Guémarez Santiago, 191 DPR 611, 617-618 (2014). En particular, el Código de Ética persigue que los abogados desplieguen un desempeño profesional en armonía con los más altos principios éticos, en beneficio de la ciudadanía, la profesión jurídica y las instituciones de justicia. Íd., pág. 618.

A. Canon 12

El Canon 12 del Código de Ética Profesional, supra, le impone al abogado el deber ineludible de tramitar las causas de manera responsable, con puntualidad y diligencia. In re Hernández González, 188 DPR 721, 727 (2013). En particular, este Canon dispone lo siguiente:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos, ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.

En repetidas ocasiones hemos precisado que la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que coloquen en riesgo la causa de acción de los clientes, son infracciones patentes de este Canon. In re Valentín Custodio, 187 DPR 529, 543 (2012). La falta de diligencia en la tramitación de los casos es una conducta

irresponsable y contraria a la instituida en el Canon 12, supra. Íd. El deber de ser puntual en el trámite del litigio y desplegar todas las diligencias necesarias frente al tribunal ha de cumplirse por el abogado en todas las etapas del pleito. In re Muñoz, Morell, 182 DPR 738, 750 (2011).

Cónsono con lo anterior, hemos enfatizado que los togados deben observar estrictamente las órdenes judiciales. La continua desobediencia de las providencias judiciales demuestra una infracción seria de los principios básicos de la ética profesional que exigen el mayor respeto hacia los juzgados. In re Cuevas Borrero, 185 DPR 189, 198 (2012). Esto es así toda vez que el comportamiento de un abogado "no debe ser otro que el fiel cumplimiento de la ley y el respeto al poder judicial". (Citas omitidas). Íd., pág. 198.

B. Canon 18

El Canon 18 del Código de Ética Profesional, supra, le impone a todo letrado el deber de defender los intereses de su cliente de forma capaz y diligente, "desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Íd.; véase, además, In re Cotto Luna, 187 DPR 584, 588-589 (2012). Así, cuando un abogado acepta la encomienda de representar a una persona y no la ejecuta adecuada y responsablemente, infringe el Canon 18, supra. Íd. ("[l]a

representación legal adecuada requiere que se ejerza la profesión con celo, cuidado y prudencia.")

Al asumir la representación de un cliente, el abogado se obliga a realizar todas las gestiones posibles, dentro del marco de la ética, en beneficio de su cliente. In re Cuevas Borrero, supra, pág. 199. En el ejercicio de la abogacía no hay espacio para que sus miembros actúen con displicencia, dejadez y desidia en la tramitación de los asuntos que le han sido delegados. In re Díaz Nieves, 189 DPR 1000, 1012 (2013). Por lo tanto, este deber de diligencia profesional genera una obligación frente al cliente y los tribunales en la administración de la justicia. In re Hoffman Mouriño, 170 DPR 968, 981 (2007).

En atención a lo anterior, hemos resuelto que un abogado contraviene el Canon 18, supra, cuando exhibe una conducta negligente que pueda acarrear o, en efecto acaree, la desestimación de un caso o la pérdida de la causa de acción de su representado. In re Pietri Torres, 191 DPR 482, 488 (2014) (citando a In re Díaz Nieves, supra, págs. 1011-1012). También se infringe este Canon al: (1) no responder planteamientos medulares; (2) ignorar órdenes judiciales o administrativas; (3) incurrir en errores crasos; (4) desatender o abandonar el trámite de un caso, y (5) permitir que la acción se desestime sin realizar esfuerzos para evitarlo. Íd.; véase, además, In re Vega Quintana, 188 DPR 536, 543 (2013).

Cuando un abogado pierde contacto con su cliente y están por vencerse los términos para presentar una causa de acción, su responsabilidad ética está sujeta al grado de diligencia que despliegue para contactar a su representado. In re Pinto Andino, 156 DPR 259, 265 (2002). Esto significa que el abogado deberá efectuar esfuerzos razonables y diligentes dirigidos a restablecer la comunicación con su cliente y advertirle de la situación procesal del asunto encomendado. Íd. "[L]o que constituye un esfuerzo 'razonable y diligente' para localizar al cliente dependerá de la totalidad de las circunstancias del caso." (Citas omitidas). Íd.

Un abogado diligente que realice esfuerzos razonables para comunicarse con su cliente de ordinario no está obligado a presentar la acción encomendada. Íd. No obstante, una vez se presenta la acción, si las gestiones para contactar al cliente resultasen infructuosas, el abogado puede solicitar la autorización del foro para renunciar a la representación. Lo importante es que el letrado descargue su obligación ética e informe el problema al foro y que acredite las gestiones que llevó a cabo para contactar a su representado. Corresponderá a los foros judiciales o administrativos ponderar la suficiencia de esos esfuerzos. No es propio, entonces, que el abogado presente la acción correspondiente para luego desligarse del trámite del pleito. Esto pone en peligro los derechos

de su cliente y entorpece la administración de la justicia. Íd., págs. 266-267.

   C. Canon 19

   El Canon 19 del Código de Ética Profesional, supra, dispone, en lo pertinente, que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". A fin de lograr una comunicación efectiva, el abogado debe informarle directamente a su representado los trámites realizados y su desarrollo, consultarle los aspectos que estén fuera del ámbito discrecional de la representación legal y acatar sus directrices, siempre y cuando estén dentro del marco ético. In re Cuevas Borrero, supra, pág. 200. Sin duda, "[e]l deber de comunicación efectiva es imprescindible en la relación fiduciaria que caracteriza el vínculo abogado-cliente." In re Pietri Castellón, 185 DPR 982, 992 (2012).

   Un miembro de la profesión desacata este imperativo ético cuando "no atiende los reclamos de información que el cliente solicita; no le informa del resultado adverso de la gestión encargada; la acción se desestima o se archiva; no mantiene al cliente al tanto del estado o la situación procesal del caso, o, simplemente le niega [al cliente] información del caso." In re Reyes Coreano, 190 DPR 739, 752-753 (2014). Lo anterior se agrava cuando el letrado mantiene ajeno a su cliente sobre el resultado

adverso de un asunto encomendado, que pone fin, total o parcialmente, a una causa de acción.

Es menester reiterar que el referido Canon "impone el deber de comunicación al abogado y no al cliente". In re Nieves Nieves, 181 DPR 25, 40 (2011). No es excusa para el abogado dejar de proveer datos sobre las incidencias importantes del caso porque el cliente no está accesible. Es imperativo que demuestre las diligencias razonables llevadas a cabo a fin de restablecer la comunicación con él. Íd. No informar al cliente sobre su caso no solo constituye una infracción del Canon 19, supra, sino que entorpece el proceso de impartir justicia.

D. Canon 20

Como parte de los deberes del abogado hacia su cliente, el Canon 20 del Código de Ética Profesional, supra, establece el procedimiento a seguir para ser relevado de una representación profesional. Al interpretar este Canon, hemos dispuesto que "[c]uando un cliente es negligente y no coopera con su abogado en la tramitación de su caso, el abogado debe renunciar [a] la representación legal existente. No renunciar impide al letrado representar adecuadamente a su cliente y constituye un error de juicio y una violación al Canon 20 del Código de Ética Profesional". In re Ramos Hernández, 183 DPR 647, 655 (2011). A tono con lo anterior, la renuncia del abogado está sujeta a que obtenga el permiso del foro pertinente y que tome las medidas razonables para

evitar ocasionarle un perjuicio a los derechos sustantivos de su representado. Íd.

E. Canon 38

Según dispone el Canon 38 del Código de Ética Profesional, supra, corresponde a cada abogado conducirse en la esfera privada, así como en la profesional, de manera que exalte el honor y la dignidad de la profesión jurídica. Además, los letrados, como funcionarios del tribunal, tienen el deber de "interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia". Canon 38, supra. La conducta de los abogados admitidos al ejercicio de la profesión se mide con unos parámetros distintos a los de un individuo particular. In re Sierra Arce, 192 DPR 140, 148 (2014).

La responsabilidad ética que rige esta profesión le impone a todo abogado un deber continuo de examinar su conducta. In re Nieves Nieves, supra, pág. 45. "[H]emos señalado enfáticamente que 'por ser los abogados el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen.'" In re Guemárez Santiago, supra, pág. 620 (citando a In re Santiago Ríos, 172 DPR 802, 822 (2007)). Así, las actuaciones de los abogados como funcionarios del sistema de justicia deben estar encaminadas a preservar un orden jurídico íntegro y eficaz. In re Cuyar Fernández, 163 DPR 113, 117 (2004).

III

A. Al licenciado Nazario Díaz se le imputa transgredir los Cánones 12, 18, 19, 20 y 38 del Código de Ética Profesional, supra. Luego de evaluar cuidadosamente los hechos ante nuestra consideración, así como el informe de la Comisionada Especial y la réplica del letrado, concluimos que este se apartó de lo que dictan los precitados cánones.

El letrado estipuló, a base de los hechos consignados en el informe de la Comisionada Especial, que violó los Cánones 12 y 18 del Código de Ética Profesional, supra. Al así hacerlo, el letrado aceptó su falta de diligencia en la tramitación de los casos que se le encomendaron al no comparecer a la vista de desahucio y dejar que expirara el término jurisdiccional para acudir ante el Tribunal de Apelaciones. Eso, sin duda alguna, contravino lo dispuesto en ambos cánones.

Asimismo, concluimos que el licenciado Nazario Díaz infringió el Canon 19, supra. Según se desprende de los hechos, el letrado no informó a su representado de la resolución final que dictó el Tribunal de Primera Instancia respecto a la moción de reconsideración que se presentó en el caso de interdicto. En consecuencia, el cliente advino en conocimiento de ese dato durante la vista de desahucio sumario que se llevó a cabo en otro caso. De las determinaciones de hecho de la Comisionada Especial no se desprende que el licenciado Nazario Díaz

llevara a cabo alguna gestión que acredite que mantuvo informado a su cliente sobre este incidente.

De igual manera, el letrado tampoco informó a su representado que el Tribunal de Apelaciones había dictado una sentencia desestimatoria por falta de jurisdicción. Al no informar a su representado sobre los procedimientos ante el foro apelativo intermedio, el licenciado Díaz Nazario impidió que su cliente pudiera contar con el asesoramiento de un nuevo representante legal y determinara el curso de acción más apropiado. Por lo tanto, concluimos que el letrado incumplió con su deber de mantener informado a su cliente sobre los detalles importantes que acaecieron en la tramitación del caso que se le encomendó.

A su vez, coincidimos con el criterio de la Comisionada Especial en cuanto a que el licenciado Nazario Díaz infringió el Canon 20, supra. De los hechos consignados en el informe surge que la Iglesia le solicitó al letrado su renuncia por la vía telefónica y mediante una carta. No obstante, el licenciado Nazario Díaz no presentó su renuncia ni entregó el expediente del caso al cliente cuando este se lo solicitó. Por el contrario, según declaró el licenciado Nazario Díaz durante la vista en su fondo ante la Comisionada Especial, al día de hoy no ha renunciado formalmente a la representación legal en el caso de desahucio.

Ahora bien, el licenciado Nazario Díaz aseguró que no recibió de su cliente una solicitud de renuncia. También indicó que realizó varias gestiones dirigidas a comunicarse con sus representados para discutir el caso, pero que estas fueron infructuosas. La Comisionada Especial no validó esa versión de los hechos. Las determinaciones de hechos emitidas por un Comisionado Especial en el contexto de un procedimiento disciplinario merecen nuestra deferencia. In re Soto Charraire, 186 DPR 1019, 1029 (2012). En consecuencia, no alteraremos estas salvo que haya mediado pasión, prejuicio, parcialidad o error manifiesto en la apreciación de la prueba. In re De León Rodríguez, supra, 394. De todos modos, el abogado debió presentar su renuncia a la representación legal tan pronto el cliente se tornó inaccesible. Al no hacerlo, el letrado cometió un grave error de juicio en contravención del Canon 20 del Código de Ética Profesional, supra.

Finalmente, el licenciado Nazario Díaz violó el Canon 38 de Ética Profesional, supra. Su desempeño en la tramitación de las causas para las que fue contratado estuvo matizado por actuaciones y omisiones intolerables de desidia, despreocupación y displicencia. Con su proceder, el letrado incumplió con su deber ético de exaltar y preservar el honor y la dignidad de su profesión. Igualmente, el licenciado Nazario Díaz no hizo su propia y cabal aportación hacia la consecución de una mejor administración de la justicia.

Por todo lo anterior, concluimos que el licenciado Nazario Díaz infringió los Cánones 12, 18, 19, 20 y 38 del Código de Ética Profesional, supra, puesto que no desplegó la diligencia debida en el trámite de las causas de su cliente, no cumplió cabalmente con su deber de mantenerlo informado de los pormenores de sus reclamos y tampoco renunció oportunamente a la representación legal, a pesar de la solicitud de su cliente al respecto. Al actuar de esa forma, el letrado no se esforzó, al máximo de su capacidad, en exaltar el honor y la dignidad de la profesión jurídica.

B. Al determinar la sanción disciplinaria que se impondrá a un abogado que haya incurrido en conducta contraria a los Cánones del Código de Ética Profesional, ponderamos los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial previo; (3) si constituye su primera falta y si no ha causado perjuicio a alguna parte; (4) la aceptación y arrepentimiento sincero por las imputaciones; (5) la defensa frívola de su conducta; (6) si se trata de una conducta aislada; (7) el ánimo de lucro; y (8) cualquier otra consideración atenuante o agravante aplicable a los hechos. In re De León Rodríguez, supra, pág. 396.

Asimismo, es importante tratar las faltas similares de modo análogo, a fin de evitar la arbitrariedad y propender al desarrollo de una reglamentación ética coherente y uniforme. Íd. Por eso, los asuntos

disciplinarios semejantes merecen sanciones semejantes. No obstante, debemos reconocer que las circunstancias particulares de cada caso son únicas y determinantes al momento de imponer la sanción. Íd., págs. 396-397.

El informe de la Comisionada Especial señala varias circunstancias agravantes que pesan en el caso ante nuestra consideración. En particular, la falta de diligencia atribuida al letrado no es un incidente aislado, pues en 2008 fue suspendido del ejercicio de la abogacía y la notaría por un período de seis meses, tras violar los Cánones 18, 35 y 38 del Código de Ética Profesional, supra, y el Artículo 2 de la Ley Núm. 75 de 2 de julio de 1987, 4 LPRA sec. 2002. In re Nazario Díaz I, 174 DPR 99 (2008). Posteriormente, reconsideramos esa suspensión y dejamos sin efecto la suspensión del ejercicio de la abogacía. Además, redujimos el término de suspensión de la notaría de seis meses a tres. In re Nazario Díaz II, 174 DPR 790 (2008). Igualmente, es menester destacar que el licenciado Nazario Díaz también fue objeto de la queja AB-2012-409, la cual eventualmente archivamos, pero no sin antes apercibirlo de que debía mantener informados a sus clientes de conformidad con el Canon 19 del Código de Ética Profesional, supra.

Por otro lado, el licenciado Nazario Díaz no presentó evidencia sobre su reputación profesional, aunque sí expresó sentirse arrepentido por sus actuaciones. Igualmente, el letrado nos solicitó que consideremos como

atenuante que su cliente, independientemente de su falta de diligencia en representarlo, no habría prevalecido de todas maneras. Sin embargo, declinamos su invitación de adentrarnos en el campo de la especulación. No nos corresponde resolver en este proceso los méritos de los reclamos civiles de la Iglesia. La alegación del abogado al respecto no justifica las violaciones de la ética profesional que cometió.

IV

Ante el escenario descrito, nos vemos obligados a ejercer nuestro poder inherente de regular la profesión jurídica en Puerto Rico. En consecuencia, suspendemos al Lcdo. Carlos J. Nazario Díaz inmediatamente del ejercicio de la abogacía y la notaría por un término de seis meses.

Se ordena al señor Nazario Díaz a notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por servicios profesionales no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún trámite pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Además, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del

señor Nazario Díaz y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Nazario Díaz a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos J. Nazario Díaz

CP-2013-0031

SENTENCIA

En San Juan, Puerto Rico, a 26 de mayo de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, se suspende al Lcdo. Carlos J. Nazario Díaz inmediatamente del ejercicio de la abogacía y la notaría por un término de seis meses.

Se ordena al señor Nazario Díaz a notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por servicios profesionales no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún trámite pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de 30 días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Además, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello

notarial del señor Nazario Díaz y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Nazario Díaz a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo