EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | |
| | 2023 TSPR 84 |
| María I. Torres Alvarado (TS-17,837) | 212 DPR ___ |

Número del Caso: CP-2019-0007

Fecha: 30 de junio de 2023

Oficina del Procurador General:

    Lcdo. Pedro A. Vázquez Montijo
    Subprocurador General

    Lcda. Mabel Sotomayor Hernandez
    Subprocuradora General

    Lcda. Yaizamarie Lugo Fontánez
    Procuradora General Auxiliar

Abogada de la parte querellada:

    Lcda. Daisy Calcaño López

Comisionada Especial:

    Hon. Crisanta González Seda

Materia: Conducta Profesional – Suspensión inmediata del ejercicio de la profesión legal por el término de tres meses por infracción a los Cánones 9, 12, 18, 19 y 20 de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

María I. Torres Alvarado          CP-2019-7
       (TS-17,837)

*PER CURIAM*

En San Juan, Puerto Rico, a 30 de junio de 2023.

Una vez más nos vemos obligados a suspender a un miembro de la profesión legal por su infracción a varios Cánones de Ética Profesional, en esta ocasión por no observarse lo dispuesto en los Cánones 9 (Conducta del abogado ante los tribunales), 12 (Puntualidad y tramitación de las causas), 18 (Competencia del abogado y consejo al cliente), 19 (Información al cliente) y 20 (Renuncia de representación legal) del Código de Ética Profesional, *infra.* Veamos.

I.

La Lcda. María I. Torres Alvarado (en adelante, "licenciada Torres Alvarado") fue admitida al ejercicio de la abogacía el 9 de febrero de 2010.[1]

Allá para el 24 de febrero de 2017, el Sr. Ricardo Rivera Rodríguez (en adelante, "señor Rivera Rodríguez") presentó ante este Tribunal una queja disciplinaria en contra de la licenciada Torres Alvarado. En ésta, alegó que la referida letrada asumió su representación legal en dos casos criminales -- a saber, los casos número **EBD2012G0389** y **KBD2012G003** --, en los que, posterior a la celebración del juicio de rigor, fue declarado culpable.[2] En particular, el señor Rivera Rodríguez indicó que la licenciada Torres Alvarado no fue diligente durante los trámites apelativos de los casos aludidos, hasta el punto de que uno de los recursos fue desestimado, por lo que le solicitó a la referida letrada su renuncia y la entrega de los expedientes correspondientes.

De forma específica, durante la etapa apelativa del Caso Núm. **EBD2012G0389**, -- entiéndase, **KLAN201300182** --, la licenciada Torres Alvarado -- en un periodo de siete (7)

_____

[1] La licenciada Torres Alvarado no ha sido admitida al ejercicio de la notaría.

[2] Específicamente, en lo relacionado al Caso Núm. EBD2012G0389, el 10 de octubre de 2013 el Tribunal de Primera Instancia, Sala Superior de Caguas, dictó una _Sentencia_ contra el señor Rivera Rodríguez por infringir el Artículo 198 del Código Penal de 2004 (robo), en tercer grado por el cual se le impuso una pena de cinco (5) años de reclusión.

De otra parte, respecto al Caso Núm. KBD2012G003, el 21 de noviembre de 2013 el Tribunal de Primera Instancia, Sala Superior de San Juan, dictó una _Sentencia_ en contra del señor Rivera Rodríguez por infringir de igual forma, el Artículo 198 del Código Penal de 2004 (robo), en tercer grado y se le impuso una pena de cinco (5) años y seis (6) meses de prisión.

meses -- incumplió con tres (3) órdenes del Tribunal de Apelaciones en las cuales el aludido foro le requirió a la referida letrada presentar la transcripción de la prueba oral de los procesos llevados a cabo ante el Tribunal de Primera Instancia. Como consecuencia de ello, y ante el incumplimiento de la licenciada Torres Alvarado con lo ordenado, el Tribunal de Apelaciones desestimó el mencionado recurso de apelación.

Asimismo, respecto al trámite apelativo del Caso Núm. **KBD2012G003** -- entiéndase, **KLAN201302041** --, la referida letrada incumplió en varias ocasiones con las órdenes del foro apelativo intermedio también relacionadas a la entrega de la transcripción de la prueba oral, lo que ocasionó que el señor Rivera Rodríguez comenzara a presentar ante el Tribunal de Apelaciones escritos por derecho propio para tratar de defender su causa.[3]

Enterada de la queja en su contra, la licenciada Torres Alvarado compareció ante nos y expresó que, en efecto, tras ser designada abogada de oficio por el Tribunal de Primera Instancia, asumió la representación legal del señor Rivera Rodríguez en los casos **EBD2012G0389** y **KBD2012G003.** No obstante, manifestó que durante el trámite apelativo surgieron diferencias irreconciliables con el señor Rivera Rodríguez, por lo que presentó una *Moción en solicitud de relevo de presentación legal*, la cual fue declarada con

---

[3] Valga señalar que, posteriormente, el Tribunal de Apelaciones confirmó la *Sentencia* impuesta al señor Rivera Rodríguez.

lugar el 24 de noviembre de 2015. En esa dirección, sostuvo que se comunicó con el técnico socio penal del señor Rivera Rodríguez para la devolución de los expedientes de los casos en que representó a este último.[4]

Examinada la queja, así como las comparecencias de las partes, el 26 de junio de 2017 esta Curia notificó una *Resolución* por virtud de la cual refirió el presente asunto disciplinario a la Oficina del Procurador General. Lo anterior se hizo para que realizara la investigación de rigor y nos sometiera el informe correspondiente.

En cumplimiento con lo anterior, el 2 de enero de 2019 la Oficina del Procurador General presentó su *Informe* a este Tribunal. En su escrito, y en lo relacionado al proceso disciplinario que nos ocupa, la mencionada dependencia gubernamental concluyó que la licenciada Torres Alvarado incurrió en serias violaciones a los Cánones 9, 12, 18, 19 y 20 del Código de Ética Profesional, *infra.* Dijo esto, tras razonar que la referida letrada desobedeció -- en múltiples ocasiones -- las órdenes del Tribunal de Apelaciones, y continuó con la representación legal del señor Rivera Rodríguez, a pesar de tener presuntamente situaciones médicas que le impedían rendir una labor idónea.

En esa línea, el Procurador General sostuvo que una vez el señor Rivera Rodríguez comenzó a presentar mociones por derecho propio, lo que reflejaba que éste no confiaba en la

---

[4] **No obstante, cabe señalar que no fue hasta el 2 de julio de 2019 que la representación legal de la licenciada Torres Alvarado en la presente queja entregó el expediente solicitado al señor Rivera Rodríguez.**

gestión profesional de la letrada, ésta debió renunciar inmediatamente. Por último, resaltó que la licenciada Torres Alvarado no sostenía comunicación alguna con el señor Rivera Rodríguez.

Recibido el mencionado escrito, el 23 de mayo de 2019 la referida letrada presentó su *Contestación a Informe del Procurador General.* En esencia, argumentó que, a su juicio, había desplegado la diligencia y el profesionalismo requerido en el trámite de los dos casos en los que representó al señor Rivera Rodríguez hasta que su estado de salud se complicó, unido a situaciones personales y familiares que afectaron su desempeño profesional. Además, expresó que no medió ánimo de lucro en su proceder.

Así las cosas, evaluado el *Informe* del Procurador General, así como los escritos presentados por la licenciada Torres Alvarado, el 28 de junio de 2019 este Tribunal ordenó a la Oficina del Procurador General a presentar la correspondiente querella. Cumpliendo con lo ordenado, la Oficina del Procurador General formuló los siguientes cargos en contra de la referida letrada:

> PRIMER Y SEGUNDO CARGO: La querellada infringió los preceptos [d]el Canon 9 de Ética Profesional, […], y [d]el Canon 12 de Ética Profesional, […] [e]llo, ante el reiterado incumplimiento de la querellada con las órdenes emitidas en el recurso apelativo **KLAN2021301802.**
>
> TERCER CARGO: La querellada violó el Canon 18 de Ética Profesional al incumplir con las órdenes del Tribunal y con su obligación de perfeccionar el recurso apelativo en el caso **KLAN201301802,** lo cual conllevó la desestimación de la apelación del señor Rivera Rodríguez.

CUARTO CARGO: La querellada quebrantó los preceptos del Canon 19 de Ética Profesional […] al no mantener informado al señor Rivera Rodríguez sobre el estado procesal del caso **KLAN201301802**.

QUINTO CARGO: La querellada se apartó de los preceptos del Canon 20 de Ética Profesional al no solicitar el relevo de representación legal de su cliente al Tribunal de Apelaciones en el caso **KLAN201301802**, ante las alegadas dificultades de salud y personales que afrontó mientras ostentó la representación del señor Rivera Rodríguez y que le impidieron representar adecuadamente los intereses de este.

SEXTO Y SÉPTIMO CARGO: La querellada infringió los preceptos del Canon 9 de Ética Profesional […] y [d]el Canon 12 de Ética Profesional […] ante el reiterado incumplimiento y cumplimiento tardío de la querellada con las órdenes emitidas en el recurso apelativo **KLAN201302041**.

OCTAVO CARGO: La querellada violó el Canon 18 de Ética Profesional al incumplir o cumplir tardíamente con las órdenes del Tribunal en el caso **KLAN201302041**, lo cual conllevó dilaciones en el procedimiento apelativo de su cliente, y pudo acarrear la desestimación de la apelación presentada.

NOVENO CARGO: La querellada quebrantó los preceptos del Canon 19 de Ética Profesional […] al no mantener informado al señor Rivera Rodríguez sobre el estado procesal del caso **KLAN201302041**.

DÉCIMO CARGO: La querellada se apartó de los preceptos del Canon 20 de Ética Profesional al no solicitar el relevo de representación legal de su cliente al Tribunal de Apelaciones en el caso **KLAN201302041**, ante las alegadas dificultades personales que afrontó mientras ostentó la representación del señor Rivera Rodríguez, y ante las múltiples mociones presentadas por este, incluyendo la queja AB2014-0411[5], lo que le impidió representar adecuadamente los intereses de su cliente. La querellada también infringió en el Canon 20 de Ética Profesional ante la dilación incurrida en

---

[5] La referida queja fue presentada el 14 de octubre de 2014 por el señor Rivera Rodríguez en contra de la licenciada Torres Alvarado y dos fiscales, por supuesta colusión en las condenas de éste. No obstante, el 17 de febrero de 2017 esta Curia archivó la misma.

entregarle la totalidad del expediente a su cliente, el señor Rivera Rodríguez, una vez el Tribunal de Apelaciones la relevó de la representación legal de este.

Recibida la querella en su contra, el 6 de febrero de 2020 la licenciada Torres Alvarado presentó su contestación a la misma. En esencia, arguyó que ciertos asuntos de naturaleza personal (entre los que se encontraba su estado de embarazo) y familiar provocaron que no pudiese cumplir con las exigencias de los casos en la etapa apelativa, pero que previo a ello desplegó la diligencia requerida, actuó de buena fe y que le entregó el expediente al señor Rivera Rodríguez una vez éste se lo solicitó.

Así pues, tras examinar la querella y la contestación a ésta por parte de la referida letrada, el 27 de junio de 2022 esta Curia designó a la Hon. Crisanta González Seda, exjueza del Tribunal de Primera Instancia, como Comisionada Especial (en adelante, "Comisionada") en el procedimiento disciplinario de epígrafe.

El 10 de enero de 2023 la Comisionada llamó el caso para la vista de rigor. En ésta, el Procurador General dio por sometido su caso con todos los documentos que obraban en el expediente. Por su parte, la licenciada Torres Alvarado, además de su propio testimonio -- a los fines de expresar sus disculpas al señor Rivera Rodríguez --, presentó las declaraciones juradas de la Sra. Angela Vázquez Ortiz, la Sra. María M. Pagán Rosado y el Sr. Alfredo Vargas, que acreditaban su buena reputación.

Celebrada la vista de rigor, el 3 de abril de 2023 la Comisionada presentó su *Informe* a este Tribunal. En éste, concluyó que, en efecto, la referida letrada infringió los Cánones 9, 12, 18, 19 y 20 del Código de Ética Profesional, *infra.* No obstante, nos recomendó que al momento de imponer alguna sanción, tomáramos en consideración que la licenciada Torres Alvarado goza de buena reputación como abogada en la comunidad; que ésta hizo una adecuada representación legal del señor Rivera Rodríguez en el Tribunal de Primera Instancia; que demostró sincero arrepentimiento, pues se disculpó con el señor Rivera Rodríguez en sala durante la vista final, así como el hecho de que ésta es madre soltera y su único sostén proviene del ejercicio de su profesión como abogada.

Oportunamente, la referida letrada presentó su *Reacción al Informe de la Comisionada Especial* en el caso de marras. En éste incluyó argumentos similares a los esbozados anteriormente. El escrito fue notificado a todas las partes con interés en el presente proceso disciplinario.

Es, pues, a la luz de los hechos antes expuestos que procedemos a esbozar la normativa aplicable al proceso disciplinario ante nuestra consideración.

## II.

Como es sabido, el Código de Ética Profesional, 4 LPRA Ap. IX, es el cuerpo legal donde se agrupan las normas mínimas de conducta que rigen las actuaciones de los miembros de la profesión legal, *In re Wilamo Guzmán*, 2023

TSPR 61, 211 DPR __ (2023); *In re García Pérez*, 2023 TSPR 36, 211 DPR __ (2023); *In re Malavé León*, 2023 TSPR 54, 211 DPR __ (2023), tanto en el desempeño de su delicada e importante labor profesional, como en otras actividades en las que se desenvuelven. *In re Joglar Castillo*, 2022 TSPR 144, 210 DPR __ (2022); *In re Espino Valcárcel*, 199 DPR 761, 766 (2018); *In re Burgos García*, 198 DPR 50, 54 (2017). En esa dirección, en reiteradas ocasiones hemos sentenciado que el incumplimiento de las normas éticas recogidas en el referido ordenamiento deontológico acarrea la imposición de sanciones disciplinarias. *In re Cruz Liciaga*, 198 DPR 828, 835 (2017); *In re Pestaña Segovia*, 192 DPR 485, 493 (2015); *In re Irizarry Irizarry*, 190 DPR 368, 374 (2014).

A tenor con lo anterior, y en lo pertinente al asunto que nos ocupa, el **Canon 9** del Código de Ética Profesional, 4 LPRA Ap. IX, C.9., exige que el comportamiento de todos los abogados y las abogadas ante los tribunales se caracterice por el mayor de los respetos. Sobre el particular, esta Curia ha resuelto que un letrado o una letrada que no cumple con las órdenes de este Tribunal, o con las órdenes de cualquier foro ante el que se encuentre obligado a comparecer, infringe lo dispuesto en el canon bajo estudio. *In re Irizarry Irizarry, supra*, pág. 374; *In re García Ortiz,* 187 DPR 507, 524 (2012); *In re Irizarry Maldonado*, 172 DPR 306, 307 (2007).

En esa dirección, es menester recordar aquí que los deberes del abogado o abogada plasmados en el Canon 9, *supra*,

se manifiestan en dos vertientes: "(1) el mandato de respetar las órdenes y directrices emitidas y (2) la obligación de respetar a los jueces, empleados y funcionarios del tribunal en sus comparecencias e interacciones con estos". S. Steidel Figueroa, *Ética del abogado y responsabilidad disciplinaria,* San Juan, Ed. SITUM, 2016, pág. 371. Véase, además, *In re García Pérez, supra; In re Sánchez Pérez*, 2022 TSPR 98, 210 DPR__(2022). Y es que, "[e]l ejercicio diligente, responsable y competente de la profesión de la abogacía figura como un supuesto fundamental en el quehacer de los [y las] profesionales de Derecho". *In re Montalvo Delgado,* 196 DPR 541, 549 (2016).

Por el otro lado, y por su estrecha relación con el proceso disciplinario que nos ocupa, precisa señalar también que el **Canon 12** del Código de Ética Profesional, 4 LPRA Ap. IX, C.12, le requiere a los abogados y a las abogadas que sean puntuales y exactos en la tramitación y presentación de las causas en las que representan a alguna parte, desplegando todas las diligencias necesarias para evitar dilación en el proceso esencial de impartir justicia. *In re Aponte Morales,* 2023 TSPR 13, 211 DPR __ (2023); *In re Rodríguez Lugo*, 201 DPR 729, 737 (2019); *In re Díaz Nieves et als.,* 189 DPR 1000, 1009 (2013). Al respecto, reiteradamente hemos expresado que el deber de diligencia es una obligación básica y elemental del abogado o abogada hacia su cliente; por tanto, éstos y éstas, deben realizar

las gestiones que le fueron encomendadas de forma oportuna, adecuada y sin dilaciones que puedan afectar la pronta solución de la controversia. *In re Rodríguez Lugo, supra; In re Morell Bergantiños,* 195 DPR 759, 763 (2016); *In re Nazario Díaz*, 195 DPR 623, 635 (2016).

En ese sentido, **"la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que coloquen en riesgo la causa de acción de los clientes, son infracciones patentes a este canon"**. (Negrillas suplidas). *In re Nazario Díaz, supra.* Demás está decir que lo antes dicho debe ser evitado por el letrado o la letrada en todas las etapas del litigio. *In re Muñoz, Morell*, 182 DPR 738, 750 (2011); *In re Pagán Hernández*, 141 DPR 113, 118 (1996); *Acevedo v. Compañía Telefónica de P.R.*, 102 DPR 787, 791 (1974).

Cónsono con lo anterior, el **Canon 18** del Código de Ética Profesional, 4 LPRA Ap. IX, C.18, establece en lo aquí pertinente, que,

> [s]erá impropio de un abogado [o abogada] asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

Por lo tanto, cuando un abogado o una abogada acepta la encomienda de representar a una persona y no la ejecuta de forma adecuada y responsablemente, infringe el mencionado Canon 18, *supra. In re Nazario Díaz, supra; In re Díaz Nieves, supra; In re Pujol Thompson*, 171 DPR 683, 698 (2007).

En particular, esta Curia ha sentenciado que constituye una violación al mencionado canon "aquella actuación negligente que pueda conllevar, o que en efecto conlleve, la desestimación o archivo de un caso". *In re Díaz Nieves, supra,* citando a *In re Nieves Nieves,* 181 DPR 25, 37 (2011). Lo anterior es así, ya que -- cuando el abogado o la abogada actúa de forma negligente -- los intereses de su cliente o clienta son los verdaderamente afectados. *In re Lugo Quiñones*, 206 DPR 1, 11 (2021); *In re Rodríguez Lugo*, *supra*, pág. 738; *In re López Santiago,* 199 DPR 797, 812 (2018).

De otra parte, y por considerarlo en extremo pertinente para la correcta disposición de los asuntos que nos ocupan, es menester señalar que, además de brindar una representación legal diligente y competente, el **Canon 19** del Código de Ética Profesional, 4 LPRA Ap. IX, C.19, exige que el abogado o abogada -- en todo momento -- mantenga informado a su cliente de los trámites relacionados al litigio en que le representa. *In re Crespo Pendas,* 2023 TSPR 31, 211 DPR ___ (2023); *In re Sepúlveda Valentín*, 2023 TSPR 20, 211 DPR ___ (2023); *In re Nieves Nieves, supra.* Lo anterior constituye un elemento imprescindible en la relación fiduciaria que caracteriza el vínculo abogado-cliente. *Íd.*

De forma específica, "el abogado [o abogada] no podrá eludir el deber ético [al que hemos hecho referencia] delegando a terceros lo que solo a él [o ella] le compete, aun cuando estos sean personas de su entera confianza". *In re Santos Cruz*, 193 DPR 224, 230 (2015). Asimismo, el abogado

o abogada no podrá excusar su incumplimiento con su obligación de mantener a su cliente informado, alegando que éste o ésta se volvió inaccesible. *In re Santos Cruz*, *supra*; *In re Muñoz, Morell*, *supra*, pág. 754; *In re Castro Colón*, 177 DPR 333, 340 (2009). Por lo tanto, en las situaciones en que se alegue que el abogado o abogada incumplió con su deber, "es necesario que el abogado [o abogada] indique las gestiones que realizó para comunicarse con su cliente". *In re Muñoz, Morell, supra,* pág. 754.

Por último, el **Canon 20** del Código de Ética Profesional, 4 LPRA Ap. IX, C.20, establece las circunstancias en las cuales un abogado o una abogada puede renunciar a la representación legal de un cliente, las medidas que deberá tomar en protección de los derechos de éste y el procedimiento a seguir en esas instancias. *In re Aponte Morales, supra; In re López Santiago*, 199 DPR 797, 813 (2018); *In re Montalvo Delgado*, *supra*, pág. 553. Sobre el particular, hemos sentenciado que:

> [c]uando un cliente es negligente y no coopera con su abogado [o abogada] en la tramitación de su caso, el abogado [o la abogada] debe renunciar a su representación legal. De lo contrario, el abogado [o la abogada] no estaría representando adecuadamente a su cliente, lo cual constituye un error de juicio y una violación al Canon 20. *In re Montalvo Delgado*, *supra*.

Ahora bien, la renuncia del abogado o abogada está sujeta a que el foro pertinente la autorice, y a que éste o ésta tome las medidas razonables para evitar ocasionarle perjuicio a su representado. *In re Nazario Díaz, supra,* pág.

639; *In re Ramos Hernández*, 183 DPR 647, 655 (2011); *In re Cruz Tollinche*, 112 DPR 699, 700 (1982).

                                    III.

Establecido lo anterior, solo nos resta mencionar que, al momento de imponer una sanción disciplinaria por violación a los Cánones de Ética Profesional a los que hemos hecho referencia, o a otros, este Tribunal debe tomar en consideración los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial previo; (3) si la falta en cuestión constituye su primera infracción; (4) si ninguna parte ha resultado perjudicada; (5) la aceptación de la falta y su sincero arrepentimiento; (6) si es una conducta aislada; (6) si medió ánimo de lucro en su actuación; (7) el resarcimiento al cliente; y (8) cualquier otra consideración, ya sea atenuante o agravante, que surja de los hechos. *In re Alomar Santiago*, 2023 TSPR 16, 211 DPR __ (2023); *In re Joglar Castillo, supra*; *In re Vélez Torres,* 209 DPR 848, 873 (2022).

Es, pues, a la luz de la normativa deontológica antes expuesta que procedemos a disponer del proceso disciplinario que nos ocupa.

                                    IV.

Como mencionamos anteriormente, el presente proceso disciplinario fue referido ante una Comisionada, quien tuvo la oportunidad de examinar cuidadosa y detenidamente la prueba presentada y de hacer sus correspondientes determinaciones de hechos y conclusiones de derecho. En su

*Informe*, la Comisionada concluyó que, con su conducta, la licenciada Torres Alvarado infringió los Cánones 9, 12, 18, 19 y 20 del Código de Ética Profesional, *supra*. Coincidimos.

Y es que, según ha plasmado la Comisionada en su *Informe*, y tal como se desprende del expediente ante nuestra consideración, no albergamos duda alguna de que la referida letrada incurrió en actuaciones contrarias a los preceptos éticos recogidos en los Cánones 9, 12, 18, 19 y 20 del Código de Ética Profesional, *supra.* Nos explicamos.

En primer lugar, en los documentos remitidos a este Tribunal, queda claramente establecido que -- en lo relacionado a las causas **KLAN201300182** y **KLAN201302041** --, y a pesar de las múltiples oportunidades que se le concedieron, la licenciada Torres Alvarado no obedeció los requerimientos y órdenes del Tribunal de Apelaciones, lo cual resultó en la desestimación de uno de los recursos de apelación del señor Rivera Rodríguez. Con su conducta, la referida letrada infringió los Cánones 9 y 12 del Código de Ética Profesional, *supra.*

De otra parte, y según admitió la referida letrada en sus comparecencias ante esta Curia, en lo relacionado a los precitados casos, ésta asumió y continuó la representación legal del señor Rivera Rodríguez a sabiendas que no podía rendir una labor idónea. Ello se debió en gran parte, a las complicaciones en su estado de salud, así como en la de su señor padre, además de un litigio criminal que instó en contra de su hermano. Con su conducta, la licenciada Torres

Alvarado violó el deber de competencia establecido en el Canon 18 del Código de Ética Profesional, *supra.*

Lo anterior se agrava si tomamos en consideración que, del expediente relacionado al presente proceso disciplinario, también se desprende que la referida no mantuvo informado a su cliente sobre el estado de los procedimientos en los casos ante el Tribunal de Apelaciones a los que hemos hecho mención. Como admitió la licenciada Torres Alvarado, en vez de comunicarse con su cliente, se comunicaba con el padre del señor Rivera Rodríguez, pues este fungía como intermediario. Esto no es avalado por nuestro ordenamiento deontológico. Es por ello que, con dicha conducta, la referida letrada violó también lo dispuesto en los Cánones 19 y 20 del Código de Ética Profesional, *supra.*

Realizada la anterior determinación, es menester señalar que, al momento de decidir la sanción que hoy se le impone a la licenciada Torres Alvarado, hemos tomado en consideración los siguientes factores, a saber: (1) que la licenciada Torres Alvarado goza de una buena reputación en la comunidad; (2) que a pesar de los problemas de salud que la referida letrada sufrió durante su embarazo, ésta desplegó una adecuada representación legal del señor Rivera Rodríguez en los procesos en el Tribunal de Primera Instancia; (3) que la licenciada Torres Alvarado ha demostrado sincero arrepentimiento; (4) que se trata de una conducta aislada en la cual no hubo ánimo de lucro, pues

fungía como abogada de oficio, y (5) que la licenciada Torres Alvarado es madre soltera, y su única fuente de ingreso proviene del ejercicio de la abogacía.

En virtud de lo anterior, y considerando que la referida letrada infringió los Cánones 9, 12, 18, 19 y 20 de Ética Profesional, *supra*, procede su suspensión inmediata del ejercicio de la profesión legal por un término de tres (3) meses.

V.

Por los fundamentos antes expuestos, se suspende inmediatamente del ejercicio de la abogacía a la licenciada Torres Alvarado por un término de tres (3) meses.

En consecuencia, se le impone a ésta el deber de notificar inmediatamente a todos sus clientes de su inhabilidad para continuar representándolos durante dicho periodo, devolver tanto los expedientes de los casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes les notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia.* No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

Notifíquese esta *Opinión Per Curiam* y *Sentencia* a la señora Torres Alvarado.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

María I. Torres Alvarado                    CP-2019-7
     (TS-17,837)

SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente a la Lcda. María I. Torres Alvarado por un término de tres (3) meses.

En consecuencia, se le impone a la señora Torres Alvarado el deber de notificar inmediatamente a todos sus clientes de su inhabilidad para continuar representándolos, devolver tanto los expedientes de los casos pendientes como cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes les notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la señora Torres Alvarado.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                          Javier O. Sepúlveda Rodríguez
                          Secretario del Tribunal Supremo