EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Juan Maldonado Torres (TS-6547) | 2016 TSPR 229 196 DPR ____ |

Número del Caso: CP-2011-0012


Fecha: 9 de noviembre de 2016


Oficina de la Procuradora General:

  Lcda. Jeanette M. Collazo Ortiz
  Subprocuradora General Interina

  Lcdo. Luis R. Román Negrón
  Procuradora General Designado

  Lcda. Gloria Robison Guarch
  Procuradora General Auxiliar


 Abogado del querellado:

  Lcdo. Juan E. Taboas Santiago


Comisionado Especial:

  Hon. Flavio E. Cumpiano Villamor


Materia: Conducta Profesional – Censura enérgica por infrigir los Cánones 18 y 19 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 18, C. 19.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Maldonado Torres                CP-2011-0012

(TS-6547)



PER CURIAM

En San Juan, Puerto Rico, a 9 de noviembre de 2016.

En el caso que reseñamos a continuación nos vemos precisados a censurar enérgicamente la conducta de un abogado por incumplir con los deberes éticos que exige la profesión legal en Puerto Rico. Específicamente, por infringir los Cánones 18 y 19 del Código de Ética Profesional, 4 LPRA Ap. IX. Veamos las circunstancias fácticas que sustentan nuestra determinación.

I

El Lcdo. Juan Maldonado Torres (licenciado Maldonado Torres o querellado) fue admitido a la práctica de la abogacía el 7 de noviembre de 1979 y a la práctica de la notaría el 27 de noviembre de

1979.[1] La Sra. Carmen Hernández Matos (señora Hernández o quejosa) presentó una queja contra el licenciado Maldonado Torres. Esta tiene su génesis luego de que la señora Hernández contratara los servicios legales del querellado. Ello, para que la representara en una acción sobre daños y perjuicios por una caída que esta sufrió producto del deterioro de una alcantarilla en el Municipio de Cayey (Municipio).

En síntesis, como parte de las gestiones realizadas, el licenciado Maldonado Torres envió cartas de aviso y notificación de demanda al "Honorable Alcalde William Rosales, Municipio de Camuy"; al Departamento de Transportación y Obras Públicas (DTOP) y a la Autoridad de Acueductos y Alcantarillados (AAA). Según surge del expediente, el letrado notificó a cada uno de estos que radicaría una acción legal en su contra. Específicamente, en la carta enviada al Alcalde señaló que demandaría al Municipio de Camuy por hechos que procedió a exponer. Además, enfatizó que "el propósito de esta notificación es para que el Estado Libre Asociado tome conocimiento de la acción que llevar[ía] en su contra y tenga (el Estado) oportunidad de prepararse adecuadamente".[2] Sin embargo, no notificó al Municipio ni al Estado Libre Asociado de Puerto Rico, a través del Secretario de Justicia como dispone la Ley Núm. 104 de 29 de junio de 1955 conocida como Ley de

---

[1] El 2 de agosto de 1995, mediante carta, renunció a la notaría por haber sido nombrado Juez Superior. Posteriormente, mediante Resolución del 30 de agosto de 2005, fue readmitido al ejercicio del notariado.

[2] Véase el Informe del Comisionado Especial, pág. 4.

Reclamaciones y Pleitos Contra el Estado.[3] Posteriormente, la demanda se suscribió el 18 de mayo de 1992, aunque esta se presentó el 5 de octubre de 1992. Asimismo, los emplazamientos fueron expedidos el 6 de octubre y diligenciados el 4 de enero de 1993. Cabe destacar que en la demanda se nombró como partes demandadas al Alcalde, al DTOP, a "Compañía Aseguradora X" y a "John Doe" y "Jane Doe". No obstante, el letrado no nombró como parte demandada al Estado, ni al Municipio, ni a la AAA.[4]

Luego de varios incidentes procesales, el 2 de julio de 1993 el Tribunal de Primera Instancia, Sala de Arecibo, dictó sentencia parcial en la que desestimó la acción contra el Estado, al resolver que la parte demandante, representada por Maldonado Torres, incumplió con el requisito de notificación de reclamación contra el Estado. Asimismo desestimó la acción contra el Alcalde, al no incluir como parte demandada al Municipio y al DTOP por no tener capacidad jurídica.

Por otra parte, según se desprende del legajo del caso, el Tribunal de Primera Instancia emitió en dos ocasiones, una orden concediendo a la parte demandante un término para mostrar causa por la cual no se debía dictar sentencia a favor de las partes demandadas. Sin embargo, el querellado no presentó una demanda enmendada para subsanar

---

[3] 32 LPRA sec. 3077 et seq.
[4] A pesar de que ni el Municipio ni el Estado fueron incluidos en la demanda estos comparecieron por separado y solicitaron la desestimación, aduciendo la falta de notificación previa según lo requieren las leyes para esos efectos. Véase el Informe del Comisionado Especial, pág. 6.

los defectos señalados. Tampoco realizó trámite alguno para solicitar reconsideración o revisión de la sentencia, ni notificó a la quejosa sobre la desestimación de la demanda, ni informó sobre las incidencias del caso y las gestiones profesionales que llevó a cabo como su representante legal.

En julio de 1995, la señora Hernández visitó la oficina del letrado y allí se enteró que lo habían nombrado Juez Superior. Luego, el 15 de agosto del mismo año, acudió al tribunal para verificar el estado de los procedimientos de su caso. Mediante orden del tribunal, logró obtener el expediente de su caso. En consecuencia, el 25 de noviembre de 1995, la quejosa instó una acción civil contra el querellado por impericia profesional. Al mismo tiempo, presentó la queja ante esta Curia por los mismos hechos. No obstante, el proceso disciplinario quedó paralizado hasta tanto se resolviera el pleito civil.

Luego de varios trámites procesales, el 14 de marzo de 2006, las partes llegaron a un acuerdo transaccional mediante el cual el letrado se comprometió a indemnizar a la quejosa con la cantidad de $80,000 dólares por los daños que esta sufrió por las acciones negligentes en el desempeño de sus funciones como abogado. Como parte del acuerdo transaccional, la señora Hernández suscribió una declaración jurada en la que manifestó, entre otras cosas, que aceptaba el acuerdo monetario y que no tenía interés en que continuara el proceso disciplinario contra el

licenciado Maldonado Torres. A pesar de lo anterior, el proceso disciplinario continuó su curso ordinario.

Así las cosas, el 22 de julio de 2009 la Oficina de la Procuradora General presentó su informe, en el cual señaló que el licenciado Maldonado Torres incurrió en violaciones a los Cánones 18 y 19 del Código de Ética Profesional, supra. Visto el informe, mediante Resolución dictada el 23 de octubre de 2009, este Tribunal ordenó a la Oficina de la Procuradora General presentar la correspondiente querella.

El letrado compareció a contestar la querella incoada en su contra. En lo pertinente, aceptó que no cumplió en su totalidad con el deber de mantener informada a la quejosa en cuanto a todas las etapas del proceso. Ante esa circunstancia, alegó que tal omisión se debió a su falta de experiencia. Empero, señaló que al percatarse de su error trató de enmendarlo indemnizando a la señora Hernández por los daños causados. Por tal razón, solicitó que la compensación monetaria se considere como un atenuante al momento de imponer la sanción disciplinaria, aun cuando está consciente de que ello no justifica su error. En cuanto a la imputación sobre falta de diligencia, expresó que hizo todas las gestiones pertinentes para resolver el caso de la señora Hernández.

En vista de lo anterior, el 23 de mayo de 2012 designamos al Hon. Flavio E. Cumpiano Villamor, exjuez del Tribunal de Primera Instancia, como Comisionado Especial para que recibiera la prueba y nos emitiera un informe con

las determinaciones de hechos y recomendaciones que estimara pertinente. Celebrada la vista, el Comisionado Especial concluyó que el licenciado Maldonado Torres contravino con los Cánones 18 y 19 del Código de Ética Profesional, supra, por falta de diligencia debida en el trámite de la causa de acción que tenía ante sí y por no mantener informada a la quejosa.

En su informe, el Comisionado Especial enumeró varios atenuantes y nos sugirió que los consideráramos al momento de sancionar al abogado. Entre los atenuantes que enumeró se encuentran los siguientes: que las actuaciones y omisiones del letrado ocurrieron para los años 1992 al 1995; que al momento de presentarse y después de presentada la queja el letrado no tenía antecedentes de procesos disciplinarios; que aceptó los errores cometidos y el daño que su omisión causó; y que le resarció a la perjudicada mediante una indemnización ascendente a $80,000. Al ponderar cada uno de éstos, nos recomendó censurar enérgicamente al querellado y que le apercibiéramos sobre la posibilidad de imponerle una sanción más rigurosa en un futuro. Luego de exponer el trasfondo fáctico y procesal que precede, procederemos a enunciar los fundamentos que disponen de la presente querella disciplinaria.

## II

### A. Canon 18: Competencia del abogado y consejo al cliente

El Canon 18 del Código de Ética Profesional, supra, impone a todo abogado el deber de rendir una labor

competente y diligente a sus clientes.[5] El referido canon establece, en lo pertinente, que "[s]erá impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente […]".[6] Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.[7] Constituye una violación al Canon 18 cuando un abogado acepta la encomienda de representar a un cliente y no cumple con su encomienda de forma adecuada y responsable.[8] Es por ello que hemos sido enfáticos en señalar que "[l]a representación legal adecuada requiere que se ejerza la profesión con celo, cuidado y prudencia".[9]

Cuando un abogado o una abogada asume la representación legal de una persona tiene la obligación de realizar todas las gestiones posibles en beneficio de su cliente, teniendo siempre presente los principios éticos que rigen la profesión.[10] En vista de lo anterior, hemos señalado que un abogado infringe el Canon 18 cuando despliega una conducta negligente "que pueda acarrear, o en

---

[5] 4 LPRA Ap. IX.

[6] Íd.

[7] Véase, In re Rivera Nazario, 193 DPR 573 (2015), citando a In re Cotto Luna, 187 DPR 584, 588-589 (2013).

[8] Íd.

[9] Íd., pág. 589; In re Cuevas Borrero, 185 DPR 189, 199 (2012).

[10] In re Rivera Nazario, supra, pág. 583; In re Cuevas Borrero, supra, pág. 199.

efecto acarree, la desestimación de un caso o la pérdida de la causa de acción de su representado".[11]

## B. Canon 19: Información al cliente

El Canon 19 del Código de Ética Profesional, supra, dispone que el abogado tiene el deber de mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. Esta obligación es autónoma e independiente de su deber de diligencia.[12] Hemos enfatizado que "[e]l deber de comunicación efectiva es imprescindible en la relación fiduciaria que caracteriza el vínculo abogado-cliente".[13] Del mismo modo hemos señalado que "a fin de lograr una comunicación efectiva entre ambos, el abogado debe informar directamente a su representado de los trámites realizados y su desarrollo, consultarle los aspectos que estén fuera del ámbito discrecional de la representación legal y acatar sus directrices, siempre y cuando estén dentro del marco ético".[14]

En lo pertinente, un miembro de la profesión desacata este principio ético cuando mantiene ajeno a su cliente sobre el resultado adverso de un asunto encomendado o cuando no lo mantiene informado sobre el tracto procesal

---

[11] In re Rivera Nazario, supra, pág. 583. Véase, además, In re Pietri Torres, 191 DPR 482, 488 (2014); In re Díaz Nieves et als., 189 DPR 1000, 1012 (2013); In re Cuevas Borrero, supra, pág. 199.
[12] In re Nazario Díaz, 2016 TSPR 111, 194 DPR __ (2016); In re Pietri Castellón, 185 DPR 982, 992 (2012).
[13] In re Pietri Castellón, supra, pág. 992.
[14] In re Nazario Díaz, supra. Véase, además, In re Cuevas Borrero, supra, pág. 200; In re Mulero Fernández, 174 DPR 18, 30-31 (2008).

del caso.[15] Cabe puntualizar que el no informar al cliente sobre su caso, no solo constituye una infracción al Canon 19, sino que perjudica el proceso de impartir justicia.[16]

### III

Del trasfondo fáctico de este caso, surge que el licenciado Maldonado Torres quebrantó los Cánones 18 y 19 del Código de Ética Profesional, supra. En atención a las disposiciones éticas esbozadas, colegimos que el querellado infringió su deber de diligencia al no defender los intereses de su cliente de una forma adecuada y responsable. Ello, al no subsanar los defectos señalados mediante las órdenes emitidas por el Tribunal de Primera Instancia. Tampoco realizó trámite alguno para solicitar reconsideración o revisión de la sentencia. La actuación del querellado, a su vez, incidió sobre sus obligaciones éticas, faltando así al Canon 19 al no mantener informada a su cliente sobre el trámite de la acción civil que llevaba a favor de esta. El letrado falló al dejar de notificar a la quejosa sobre la desestimación de la demanda e informar sobre las incidencias del caso; así como las gestiones profesionales que llevó a cabo como su representante legal.

En el caso de autos, tomamos como atenuantes a favor del licenciado Maldonado Torres el hecho que durante su carrera profesional no había sido objeto de alguna medida disciplinaria hasta el 1992 a 1995, es decir, hace más de

---

[15] In re Cuevas Borrero, supra, pág. 200; In re Montes Fuentes, 174 DPR 863, 870 (2008).
[16] In re Rivera Nazario, supra, pág. 585; In re Reyes Coreano, 190 DPR 739, 752 (2014).

20 años. Tampoco surge que sus actuaciones hayan sido con algún ánimo de lucro. Por el contrario, el querellado aceptó los errores cometidos y el daño que sus omisiones le causaron a la quejosa; y resarció a esta mediante una indemnización de $80,000 dólares. Además, no ha habido con posterioridad queja o querella alguna sobre su gestión profesional como abogado.

IV

Considerado todo lo anterior, censuramos enérgicamente al licenciado Maldonado Torres y le apercibimos que de incurrir nuevamente en una conducta contraria a los cánones del Código de Ética Profesional, supra, que rigen la profesión de la abogacía, será sancionado rigurosamente. Notifíquese personalmente esta opinión *Per Curiam* y Sentencia al Lcdo. Juan Maldonado Torres a través de la oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Maldonado Torres                    CP-2011-12

(TS-6547)

SENTENCIA

En San Juan, Puerto Rico, a 9 de noviembre de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, censuramos enérgicamente al Lcdo. Juan Maldonado Torres y le apercibimos que de incurrir nuevamente en una conducta contraria a los Cánones del Código de Ética Profesional, 4 LPRA Ap. IX, que rigen la profesión de la abogacía, será sancionado rigurosamente.

Notifíquese personalmente.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo