EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2017 TSPR 159 |
|---|---|
| Carlos J. Nazario Díaz (TS-12,077) | 198 DPR ____ |

Número del Caso: CP-2013-19

Fecha:   4 de agosto de 2017

Abogada del querellado:

Lcda. Margarita Carrillo Iturrino

Oficina del Procurador General:

Lcdo. Joseph Feldstein Del Valle
Sub Procurador General

Lcda. Minnie H. Rodríguez López
Procuradora General Auxiliar

Comisionado Especial:

Hon. Carlos S. Dávila Vélez

Materia: La suspensión será efectiva el 29 de agosto de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Carlos J. Nazario Díaz (TS-12,077) | CP-2013-0019 | Conducta Profesional |

PER CURIAM

San Juan, Puerto Rico, a 4 de agosto de 2017.

En esta ocasión, nos corresponde determinar si el Lcdo. Carlos J. Nazario Díaz infringió los Cánones 15, 18, 19, 26, 35 y 38 del Código de Ética Profesional, infra, por alegadamente utilizar un procedimiento de cobro de dinero para presionar a la promovente de la queja en su contra; no defender diligente, adecuada, responsable y prontamente los derechos e intereses de sus clientes; no mantenerlos informados y orientados con relación al asunto encomendado; no renunciar a su representación legal cuando, según alega, no recibió su cooperación para obtener la información necesaria para representarles en un procedimiento de quiebras; no haber sido honrado ni sincero en sus declaraciones durante el procedimiento

disciplinario en su contra, y por no cumplir con su deber de actuar de forma que exalte el honor y la dignidad de la profesión jurídica. Por los fundamentos que expondremos a continuación, resolvemos que éste violó los Cánones 18, 19, 35 y 38 de Ética Profesional, infra. Examinemos el trasfondo fáctico y procesal del caso de epígrafe.

I

El Lcdo. Carlos J. Nazario Díaz (licenciado Nazario Díaz o querellado) fue admitido al ejercicio de la abogacía el 22 de julio de 1997 y juramentó como notario el 15 de agosto de 1997.[1]

El 6 de abril de 2004, la Sra. Carmen M. Zayas Matos (señora Zayas Matos o quejosa) contrató los servicios profesionales del licenciado Nazario Díaz para la radicación de una petición de quiebras en representación de Pureza Real, Inc., una empresa familiar de la cual la quejosa era tesorera y secretaria, y cuyos dueños eran los

---

[1]El 30 de junio de 2008, el Lcdo. Carlos J. Nazario Díaz (licenciado Nazario Díaz) fue suspendido de la abogacía y la notaría por un término de seis meses por violación al Artículo 2 de la Ley Notarial de 1987, 4 LPRA sec. 2002, y los Cánones 18, 35 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX. Mediante Resolución emitida el 29 de agosto de 2008, se dejó sin efecto la suspensión de la abogacía y se redujo el término de suspensión de la notaría de seis meses a tres meses. Posteriormente, fue reinstalado al ejercicio de la notaría mediante Resolución emitida el 7 de marzo de 2012. Por otro lado, el 26 de mayo de 2016 fue suspendido nuevamente del ejercicio de la abogacía y la notaría por un término de seis meses por infringir los Cánones 12, 18, 19, 20 y 38 del Código de Ética Profesional, supra. El 14 de diciembre de 2016 se le reinstaló al ejercicio de la abogacía y se ordenó la reactivación de la Querella Núm. CP-2013-0019, la cual da lugar al presente dictamen.

padres de ésta, el Sr. Pedro Zayas Zayas (señor Zayas Zayas) y la Sra. Alvilda Matos Torres (señora Matos Torres) (en conjunto, matrimonio Zayas Zayas-Matos Torres). Ello, con el propósito de reorganizar la empresa, detener las gestiones de cobro de los acreedores y paralizar las acciones judiciales pendientes ante el Tribunal de Primera Instancia. En esa misma fecha, la señora Zayas Matos le entregó al abogado copia de los documentos del caso Civil Núm. B3CI2001-00077, en el cual se dictó sentencia por estipulación autorizando un plan de pago a favor de RG Premier Bank. Por su parte, el licenciado Nazario Díaz le recomendó a la quejosa presentar la petición de quiebras al amparo del Capítulo 11 de la Ley de Quiebras federal. Así las cosas, pactaron los honorarios por servicios profesionales y el querellado le entregó a la señora Zayas Matos una lista de los documentos necesarios para trabajar la petición de quiebras.

Durante el mes de abril de 2004, la quejosa entregó en la oficina del querellado la mayoría de los documentos que le fueron requeridos. Durante los meses de mayo a septiembre de 2004, la señora Zayas Matos llamó regularmente a la oficina del licenciado Nazario Díaz y dejó mensajes con la secretaria de éste, pero el abogado no devolvió las llamadas. Ello se debe a que, según admitió el querellado, para los años 2004 y 2005, no atendía personalmente las llamadas recibidas, sino que tenía un personal asignado para atender a sus clientes. En octubre

de 2004, la quejosa entregó un documento en la oficina del licenciado Nazario Díaz relacionado a la ejecución de la sentencia dictada en el caso B3CI2001-00077. De igual modo, en febrero de 2005, llevó un edicto a la oficina del abogado, el cual fue emitido en el referido caso señalando una subasta pública para el 14 de marzo de 2005. En la subasta se venderían tres pagarés hipotecarios, dos de ellos estaban garantizados por dos fincas de catorce cuerdas y el tercero por un solar de 616.2161 metros cuadrados.

El 25 de febrero de 2005, la señora Zayas Matos suscribió un documento bajo pena de perjurio en el que hizo constar que leyó la petición de quiebras de Pureza Real, Inc., los *schedules* D al F, la lista de acreedores y certificó que la información allí expuesta era correcta. El 8 de marzo de 2005, el licenciado Nazario Díaz presentó la petición de quiebras de Pureza Real, Inc. No obstante, no incluyó los *schedules* ni el *statement of financial affairs*. El 14 de marzo de 2005, el foro primario paralizó los procedimientos en el caso B3CI2001-00077 respecto a Pureza Real, Inc., pero la ejecución de la sentencia continuó en cuanto al matrimonio Zayas Zayas-Matos Torres. Ello, toda vez que las tres fincas que serían vendidas en la subasta pública estaban inscritas en el Registro de la Propiedad a nombre del matrimonio Zayas Zayas-Matos Torres. No fue hasta el 14 marzo de 2005, fecha en que se celebró la subasta, que el licenciado Nazario Díaz advino en

conocimiento de ese hecho. Las fincas de catorce cuerdas fueron adjudicadas a RG Premier Bank, mientras el solar de 616.2161 metros se le adjudicó al Banco de Desarrollo Económico.

El 16 de marzo de 2005, el querellado solicitó al foro primario que dejara sin efecto la subasta celebrada, amparándose en la petición de quiebras radicada por Pureza Real, Inc. Por otro lado, el 31 de marzo del mismo año, presentó una petición de quiebras al amparo del Capítulo 11 de la Ley de Quiebras federal en representación del matrimonio Zayas Zayas-Matos Torres. Sin embargo, tampoco incluyó los *schedules* ni el *statement of financial affairs*. Posteriormente, compareció ante el Tribunal de Primera Instancia como *amicus curiae* informando de las peticiones de quiebras presentadas en representación de Pureza Real, Inc. y del matrimonio Zayas Zayas-Matos Torres. No obstante, el foro primario declaró no ha lugar la solicitud del licenciado Nazario Díaz para dejar sin efecto la subasta.

Así las cosas, el querellado compareció ante el Tribunal de Quiebras federal solicitando la consolidación de los casos presentados en representación de Pureza Real, Inc. y del matrimonio Zayas Zayas-Matos Torres. Por otra parte, presentó una solicitud de prórroga para presentar los *schedules* faltantes en el caso de Pureza Real, Inc. y, además, solicitó una autorización para contratar a Scherrer Hernández & Co. (Scherrer), una firma de contadores

públicos autorizados. El 1 de julio de 2005, el Tribunal de Quiebras denegó la consolidación de los casos y desestimó la petición de quiebras de Pureza Real, Inc., por no haberse presentado los *schedules* ni el *statement of financial affairs*. Ante ello, el licenciado Nazario Díaz presentó una reconsideración, pero fue denegada.

Para esa misma fecha, el Tribunal de Quiebras celebró una vista para atender una solicitud presentada por RG Premier Bank para que se levantara la orden de paralización en el caso de quiebras del matrimonio Zayas Zayas-Matos Torres. En la referida solicitud, el acreedor arguyó que para la fecha en que se ordenó la paralización automática en el caso de quiebras del matrimonio, ya las propiedades se habían vendido en pública subasta, por lo cual no formaban parte de su caudal y, por ende, no le aplicaba la paralización automática. Por su parte, el querellado arguyó que, el 8 de marzo de 2005, Pureza Real, Inc. había presentado una petición de quiebras y que el señor Zayas Zayas estaba bajo la impresión de que las fincas eran propiedad de Pureza Real, Inc., por ser colaterales en un préstamo que RG Premier Bank otorgó a la empresa. El Tribunal de Quiebras resolvió que las propiedades vendidas en la subasta pública no eran parte del caudal del matrimonio Zayas Zayas-Matos Torres al momento de radicar su petición de quiebras, por lo cual la paralización automática no le aplicaba a esas fincas.

El 7 de julio de 2005, el licenciado Nazario Díaz presentó los *schedules* A-J y un estado financiero en el caso de quiebras del matrimonio Zayas Zayas-Matos Torres. Durante ese mes, la firma Scherrer realizó esfuerzos para obtener de la señora Zayas Matos y del querellado la información necesaria para completar el estado financiero personal tanto del señor Zayas Zayas como de la señora Matos Torres. No obstante, no fue hasta el 11 de noviembre de 2005 que la firma Scherrer pudo completar un borrador de los estados financieros. Para ese entonces, el señor Zayas Zayas había fallecido.

Así las cosas, el 28 de noviembre de 2005, la señora Zayas Matos presentó una queja en contra del licenciado Nazario Díaz. Esencialmente, expuso que le encomendó al abogado la presentación de la petición de quiebras de Pureza Real, Inc., para evitar que continuaran las acciones judiciales instadas por los acreedores y lograr la reorganización de la empresa, y que no fue hasta días antes de la celebración de la subasta pública que el querellado radicó la petición. De igual forma, arguyó que llamaba al licenciado Nazario Díaz con cierta regularidad para saber de su caso, pero contestaba la secretaria del abogado y le indicaba que se estaba trabajando el caso. Destacó que entregó en la oficina del abogado los documentos relacionados a la venta en pública subasta de las propiedades que eran colaterales de los préstamos de la empresa familiar. Además, aseguró que le advirtió a la

secretaria del querellado que era urgente que se atendiera ese asunto, porque la subasta estaba programada para marzo de 2005. De igual modo, alegó que no fue hasta el 7 de marzo de 2005 que el abogado comenzó a trabajar en el caso. Por tanto, atribuyó al licenciado Nazario Díaz la venta de las propiedades en la subasta pública. Por su parte, el querellado alegó que la señora Zayas Matos era la única responsable de los resultados obtenidos en los asuntos que se le encomendaron, por no haberle provisto la información requerida de forma completa, correcta y a tiempo para poder ofrecer una representación legal adecuada.[2]

El 13 de agosto de 2013, la Oficina del Procurador General presentó una querella contra el licenciado Nazario Díaz, según autorizado por este Tribunal. Específicamente, le imputó haber incurrido en conducta violatoria de los Cánones 18 y 26 del Código de Ética Profesional, 4 LPRA Ap. IX. El querellado, de otra parte, negó haber incurrido en conducta que violara los Cánones de Ética Profesional. Además, expuso que la señora Zayas Matos no le entregó los contratos de Pureza Real, Inc., a pesar de habérselos solicitado, por lo que no pudo demostrar que la empresa era viable para una reorganización al amparo del Capítulo 11. A base de ello, alegó que la quejosa ahora no podía

---

[2]El 6 de abril de 2006, el licenciado Nazario Díaz presentó la renuncia en el caso de quiebras del Sr. Pedro Zayas Zayas y la Sra. Alvilda Matos Torres, la cual fue aceptada al día siguiente. Eventualmente, el 7 de junio de 2006, el Tribunal de Quiebras desestimó el caso.

responsabilizarlo por la pérdida de los inmuebles en la venta en pública subasta.

Así las cosas, el 31 de marzo de 2014, este Tribunal designó al Hon. Carlos S. Dávila Vélez como Comisionado Especial (Comisionado). El 30 de abril de 2014, el licenciado Nazario Díaz compareció ante nos mediante una urgente moción notificando la presentación de una demanda en cobro de honorarios en contra de la señora Zayas Matos y Pureza Real, Inc. De la misma manera, adujo que procedía paralizar los procedimientos disciplinarios hasta que el Tribunal de Primera Instancia resolviera, toda vez que el referido foro tendría que adjudicar la idoneidad de los servicios legales prestados.

Ante ese cuadro, la Oficina del Procurador General presentó una solicitud para enmendar la querella. Informó que, tras reevaluar el expediente del caso, consideraba que existía prueba suficiente para presentar cargos adicionales. Además, arguyó que la conducta del licenciado Nazario Díaz durante el trámite disciplinario, de presentar una demanda en contra de la quejosa para presionarla indebidamente, ameritaba la imposición de cargos adicionales. El querellado se opuso a la enmienda alegando que la demanda en cobro de dinero respondía al ejercicio legítimo de un derecho y no un acto para hostigar.

Evaluada la postura de ambos, autorizamos a la Oficina del Procurador General a presentar una querella enmendada. En consecuencia, el 17 de noviembre de 2014, se presentó

una querella enmendada en contra del licenciado Nazario Díaz por violación a los Cánones 15, 18, 19, 26, 35 y 38 de Ética Profesional, supra. Ello, por utilizar un procedimiento de cobro de dinero para presionar a la promovente de la queja en su contra; no defender diligente, adecuada, responsable y prontamente los derechos e intereses de sus clientes; no mantenerlos informados y orientados con relación al asunto encomendado; no renunciar a su representación legal cuando, según alega, no recibió su cooperación para obtener la información necesaria para representarles en un procedimiento de quiebras; no haber sido honrado ni sincero en sus declaraciones durante el procedimiento disciplinario en su contra, y por no cumplir con su deber de actuar de forma que exalte el honor y la dignidad de la profesión jurídica.

Por su parte, el querellado reiteró que no incurrió en la conducta imputada ni actuó de forma reñida con el Código de Ética Profesional, supra. De igual manera, insistió en que la desestimación de las peticiones de quiebras y la venta en pública subasta de las tres propiedades concernidas fueron consecuencia de que la señora Zayas Matos fallara en proveerle la información requerida de manera completa, correcta y a tiempo para llevar a cabo una gestión profesional adecuada.

Luego de analizada la prueba ante su consideración, el 13 de junio de 2016, el Comisionado emitió el Informe correspondiente. En éste, concluyó que el licenciado

Nazario Díaz infringió los Cánones 18, 19 y 38 de Ética Profesional, supra. Con el beneficio del Informe del Comisionado, la comparecencia del Procurador General y del querellado, procedemos a resolver el asunto que nos ocupa. Examinemos la normativa jurídica aplicable.

## II

El Código de Ética Profesional, supra, contiene las normas mínimas que deben regir la conducta de los miembros de la profesión. Ello, a los fines "de promover un comportamiento ejemplar para beneficio de la ciudadanía, la profesión [jurídica] y las instituciones de justicia". *In re* Ortiz, Rivera, 195 DPR 122, 131 (2016) (*Per Curiam*).

## A. Canon 15: Conducta hacia testigos y litigantes

El Canon 15 del Código de Ética Profesional, supra, les impone a los abogados el deber de tratar a los testigos y litigantes adversarios con respeto y consideración. Asimismo, dispone que no deben actuar inspirados por animosidades o perjuicios de sus clientes ni debe permitir que sus clientes dirijan el caso o se conviertan en dueños de la conciencia del abogado. En ese sentido, advierte que será impropio utilizar los procedimientos legales irrazonablemente o con el propósito de hostigar a la parte contraria. Cónsono con lo anterior, hemos expresado que el abogado no debe olvidar que viene llamado a actuar siempre con gran celo, cuidado y diligencia, de manera que sus expresiones no sean interpretadas "como que pone en tela de juicio su

honradez, moral y honestidad". *In re Irisarri Castro*, 172 DPR 193, 210-211 (2007) (*Per Curiam*).

**B. Canon 18: Competencia del abogado y consejo al cliente**

El Canon 18 del Código de Ética Profesional, supra, establece el deber de los miembros de la profesión de rendir una labor idónea, competente y diligente, desplegando en todo momento su más profundo saber y habilidad. De la misma forma, dispone que será impropio de un abogado asumir una representación legal cuando está consciente que no puede ejercer su labor de forma adecuada y responsable. En armonía con ello, hemos resuelto que la representación legal adecuada requiere que se ejerza la abogacía con celo, cuidado y prudencia. *In re* Maldonado Torres, res. el 9 de noviembre de 2016, 2016 TSPR 229, pág. 7 (*Per Curiam*); *In re* Nazario Díaz, 195 DPR 623, 636 (2016) (*Per Curiam*). Asimismo, hemos expresado que cuando un abogado asume una representación legal tiene la obligación de realizar todas las gestiones posibles en favor de su cliente, siempre que no infrinja los postulados éticos que rigen la profesión jurídica. Íd. Es decir, no hay lugar para que los abogados actúen con displicencia, dejadez y desidia en el trámite de los asuntos que se le han encomendado. *In re* Nazario Díaz, supra, pág. 636. Por tanto, constituye una violación al Canon 18 que un abogado incurra en "conducta negligente 'que pueda acarrear, o en efecto acarree, la desestimación de un caso o la pérdida de la causa de acción de su

representado'". *In re* Maldonado Torres, supra, págs. 7-8; *In re* Nazario Díaz, supra, pág. 636; *In re* Díaz Nieves, Díaz Rivera, 189 DPR 1000, 1011-1012 (2013) (*Per Curiam*).

**C. Canon 19: Información al cliente**

El Canon 19 del Código de Ética Profesional, supra, expone, en lo pertinente, que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". Hemos establecido que "[e]sta obligación es autónoma e independiente de su deber de diligencia". *In re* Maldonado Torres, supra, pág. 8. De igual manera, hemos sido enfáticos en que el abogado tiene el deber de mantener una comunicación efectiva con sus clientes. Para cumplir con ese deber, resulta imperativo que el abogado le informe directamente a su representado de los trámites realizados y el desarrollo de su caso, le consulte los aspectos que estén fuera de su discreción como representante legal y acate sus directrices, siempre que estén dentro del marco ético. Íd.; *In re* Nazario Díaz, supra, pág. 638. Por tanto, un abogado infringe esta norma cuando no atiende los reclamos de información de su cliente; no le informa de un resultado adverso en la gestión encomendada; no mantiene informado al cliente con relación al estado o la situación procesal del caso, o simplemente le niega información de su caso. *In re* Nazario Díaz, supra, pág. 638; *In re* Reyes Coreano, 190 DPR 739, 752-753 (2014) (*Per Curiam*). Debemos destacar que no

informar a un cliente de su caso, no sólo constituye una transgresión a este canon, sino que obstruye el proceso de impartir justicia. *In re* Maldonado Torres, supra, pág. 9; *In re* Nazario Díaz, supra, pág. 638.

**D. Canon 26: Derechos y limitaciones con relación a clientes**

El Canon 26 del Código de Ética Profesional, supra, dispone que ningún abogado está obligado a representar a determinado cliente y es su derecho aceptar o rechazar representarle legalmente. En ese sentido, establece que es altamente impropio aconsejar transacciones o actos que sean contrarios a la ley, presentar pleitos viciosos o falsas defensas con la justificación de actuar conforme a las instrucciones de su cliente. Cónsono con ello, advierte que el abogado debe obedecer siempre a su propia conciencia y no a la de su cliente.

**E. Canon 35: Sinceridad y honradez**

El Canon 35 del Código de Ética Profesional, supra, impone a todo miembro de la profesión jurídica el deber de conducirse de forma sincera y honrada ante los tribunales, para con sus representados y en las relaciones con sus compañeros. Asimismo, se dispone que no es sincero ni honrado utilizar medios inconsistentes con la verdad e inducir a error al juzgador utilizando artificios o una falsa relación de los hechos o del derecho. Hemos resaltado que el ejercicio de la abogacía está predicado en la búsqueda y defensa de la verdad, por lo cual resulta contrario a su función que un abogado se aparte de su

deber inherente de sinceridad y honradez en todo aspecto en el que se desempeñe, sea su vida privada o profesional. *In re* Irizarry Rodríguez, 193 DPR 633, 665 (2015) (*Per Curiam*). La verdad es un valor ético trascendental, intrínseco a la profesión jurídica, por lo que infringe el Canon 35 el abogado que no se conduzca conforme a la verdad, aunque no medie intención o motivo alguno, no provoque daño a tercero ni actúe de mala fe. Íd.

**F. Canon 38: Preservación del honor y dignidad de la profesión**

Según se desprende del Canon 38 del Código de Ética Profesional, supra, todo abogado debe "esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". De igual manera, dispone que por razón de la confianza en él depositada, un abogado debe comportarse de forma digna y honorable, tanto en su vida privada como en el desempeño de la ilustre profesión jurídica. En cuanto a este precepto ético, hemos reiterado en innumerables ocasiones que "por ser los abogados el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen". *In re* Nazario Díaz, supra, pág. 639; *In re* Ortiz, Rivera, supra, pág. 134. En ese sentido, enfatizamos que "la confianza, respeto e imagen que la sociedad deposita en cada uno de los abogados, en la

profesión y en la institución de la justicia desmerece cuando la actuación del jurista representa incorrección". *In re* Irizarry Rodríguez, supra, pág. 666.

A la luz del marco jurídico expuesto, procedemos a evaluar la conducta desplegada por el licenciado Nazario Díaz.

**III**

**A.**

En este caso, se le imputa al licenciado Nazario Díaz infringir los Cánones 15, 18, 19, 26, 35 y 38 del Código de Ética Profesional, supra. No obstante, el Comisionado concluyó que el querellado sólo violó los Cánones 18, 19 y 38. Tras evaluar minuciosamente el escenario fáctico ante nuestra consideración, así como el Informe rendido por el Comisionado y la postura del querellado, determinamos que éste transgredió los Cánones 18, 19, 35 y 38 del Código de Ética Profesional, supra.

De entrada, resaltamos que si bien las determinaciones de hechos del Comisionado Especial gozan de nuestra deferencia, por encontrarse en mejor posición para aquilatar la prueba testifical y adjudicar credibilidad, no estamos obligados a aceptar su Informe. Adviértase que tenemos la facultad para adoptar, modificar o rechazar el Informe presentado por un Comisionado Especial en un procedimiento disciplinario. *In re* Irizarry Rodríguez, supra, págs. 666-667; *In re* Guzmán Guzmán, 181 DPR 495, 511 (2011) (*Per Curiam*). Con ello en mente,

veamos los fundamentos que sustentan nuestra determinación.

Respecto a la violación al Canon 15, el Comisionado concluyó que el licenciado Nazario Díaz no incurrió en la falta imputada. Ello, toda vez que de la prueba presentada no puede inferirse razonablemente que el querellado instó la demanda en cobro de honorarios con la intención de presionar u hostigar a la quejosa. Coincidimos con su apreciación.

Con relación al Canon 18, el Comisionado determinó que el licenciado Nazario Díaz infringió el referido canon, pues no actuó con la máxima diligencia. Particularmente, señaló que se desprende de los hechos probados que la señora Zayas Matos contrató al querellado para abril de 2004 para que éste presentara una petición de quiebras en representación de Pureza Real, Inc., pero no fue hasta febrero de 2005 que el abogado trabajó en el caso. Asimismo, sostuvo que surge de la prueba que el licenciado Nazario Díaz no fue diligente en cumplir con lo encomendado. Ello, debido a que presentó la petición de quiebras de Pureza Real, Inc., a solo días de la celebración de la subasta pública, sin siquiera haber constatado que la referida empresa era la titular de las fincas cuya ejecución se quería evitar. Acogemos lo expuesto por el Comisionado.

No albergamos duda que, de haber actuado con la diligencia, competencia y responsabilidad que requiere el

Canon 18, el licenciado Nazario Díaz habría advenido en conocimiento de que las tres fincas en cuestión constaban inscritas en el Registro de la Propiedad a nombre del matrimonio Zayas Zayas-Matos Torres. Por consiguiente, hubiera podido advertir a sus clientes que la radicación de la petición de quiebras de Pureza Real, Inc. no paralizaría la venta en pública subasta de las tres fincas. Fue su propia falta de diligencia la que le impidió ejercer una representación adecuada y oportuna, con nefastas consecuencias para las vidas de sus clientes. El querellado no puede ahora justificar su falla atribuyéndole total responsabilidad a la quejosa por haberle provisto información incorrecta, pues era su deber corroborarla.

Igualmente, nótese la falta de diligencia y competencia del licenciado Nazario Díaz al presentar las peticiones de quiebras de Pureza Real, Inc. y el matrimonio Zayas Zayas-Matos Torres sin los *schedules* y los estados financieros. Éste intenta excusar su displicencia, dejadez y desidia en el trámite del caso con el pretexto de que la señora Zayas Matos no le proveyó la información requerida de forma completa, correcta y oportuna. No nos convence. Si bien quedó demostrado que la quejosa no entregó todos los documentos que requirió el querellado, ello no lo releva de responsabilidad. Máxime cuando, ante tales circunstancias, pudo haber renunciado a la representación legal de la señora Zayas Matos.

Por estar relacionado con lo anterior, procedemos a atender el cargo imputado por violación al Canon 26 del Código de Ética Profesional, _supra_. En lo que se refiere a esta disposición ética, el Comisionado concluyó que el licenciado Nazario Díaz no cometió la falta imputada. Particularmente, razonó que el querellado no tenía que renunciar a la representación legal de la quejosa, pues no existía razón para que el abogado dudara de la promesa de su cliente de que le suministraría la información requerida. Estamos de acuerdo con que no se demostró una infracción al Canon 26, pero no por las razones expuestas por el Comisionado.

No creemos que se justifique la falta de diligencia del licenciado Nazario Díaz por la alegada promesa de la señora Zayas Matos a los efectos de que le entregaría la información solicitada. Definitivamente, resultó impropio que éste no siguiera su criterio profesional y descansara en la alegada promesa de su cliente. Sin embargo, ello constituyó una violación al deber de diligencia, la cual quedó atendida con nuestra determinación de que, sin duda, el querellado infringió el Canon 18. Nótese que el Canon 26 se refiere a aquellas situaciones en que los deberes éticos del abogado le exigen renunciar a la representación profesional de un cliente, cuando adelantar sus intereses conlleve incurrir en conducta contraria a la ley o instigar reclamaciones viciosas e infundadas.

En cuanto a la infracción de los Cánones 19 y 35, se le imputó al licenciado Nazario Díaz no mantener informada a la señora Zayas Matos y hacerle creer que se estaba trabajando en su caso y que todo se resolvería satisfactoriamente, cuando no era cierto. El Comisionado entendió que el querellado violó el Canon 19, por no atender las solicitudes de información de la quejosa. Coincidimos. Quedó establecido por la prueba que la señora Zayas Matos llamaba regularmente a la oficina del abogado para conocer de las gestiones que estaba realizando el licenciado Nazario Díaz referente al asunto encomendado, si alguna. Sus llamadas las atendió la secretaria del abogado y éste no se ocupó en devolverle las llamadas. De hecho, el querellado admitió durante el procedimiento disciplinario que no contestaba las llamadas de sus clientes, pues contaba con personal encargado de eso. En vista de ello, resulta evidente que el licenciado Nazario Díaz violentó los postulados del Canon 19, al no comunicarse de manera efectiva y directa con la señora Zayas Matos.

En lo que respecta al Canon 35, el Comisionado no emitió una recomendación, sino que se limitó a exponer que durante el proceso disciplinario el licenciado Nazario Díaz testificó que se reunió con la quejosa en 3 ó 4 ocasiones entre abril de 2004 y febrero de 2005, pero ese testimonio no le mereció credibilidad. Más aún, indicó específicamente que el querellado ofreció esta información

incorrecta con la intención de refutar el testimonio de la señora Zayas Matos, en lo relativo a su falta de gestión profesional desde abril de 2004 hasta febrero de 2005. Ante ello, concluimos que el licenciado Nazario Díaz también violentó el Canon 35. No podemos tomar livianamente la falta de sinceridad y honradez del querellado al levantar sus defensas durante el procedimiento disciplinario llevado en su contra.

Cónsono con lo anterior, el Comisionado concluyó que la conducta desplegada por el licenciado Nazario Díaz, tanto en la etapa investigativa del proceso disciplinario como en la vista celebrada ante sí, demuestran que éste dejó de exaltar el honor y la dignidad de la profesión. Ello, en clara contravención a lo dispuesto en el Canon 38 del Código de Ética Profesional, supra. Compartimos su criterio. El querellado no se condujo de forma digna y honorable, ni se esforzó al máximo de su capacidad por realizar la buena imagen de la ilustre profesión que ejerce.

Establecido que el licenciado Nazario Díaz infringió los Cánones 18, 19, 35 y 38 del Código de Ética Profesional, supra, procedemos a determinar la correspondiente sanción disciplinaria.

**B.**

Como hemos expresado en reiteradas ocasiones, al momento de imponer la sanción disciplinaria a un abogado que haya incurrido en conducta violatoria del Código de

Ética Profesional, <u>supra</u>, evaluamos los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial previo; (3) si es su primera falta; (4) si no ha causado perjuicio a alguna parte; (5) la aceptación de la falta y su arrepentimiento sincero; (6) la defensa frívola de su conducta; (7) si se trata de un incidente aislado; (8) si hubo ánimo de lucro, y (9) cualquier otra consideración agravante o atenuante aplicable a los hechos particulares del caso. *In re* <u>Rivera Grau</u>, res. el 4 de octubre de 2016, 2016 TSPR 212, págs. 20-21; *In re* <u>Nazario Díaz</u>, supra, pág. 642; *In re* <u>Irizarry Rodríguez</u>, supra, pág. 668.

En el caso de autos, consideramos como agravante que las actuaciones del querellado no constituyen un incidente aislado, sino un hábito o patrón de conducta antiética. Adviértase que, en el 2008, fue suspendido de la abogacía y la notaría por un término de seis meses, por violación al Artículo 2 de la Ley Notarial de 1987, 4 LPRA sec. 2002, y los Cánones 18, 35 y 38 del Código de Ética Profesional, <u>supra</u>. Véase *In re* <u>Nazario Díaz I</u>, 174 DPR 99 (2008) (*Per Curiam*). Ello, aunque luego en reconsideración se dejara sin efecto la suspensión de la abogacía y se redujera el término de suspensión de la notaría a tres meses. Véase *In re* <u>Nazario Díaz II</u>, 174 DPR 790 (2008) (Resolución). Asimismo, en el 2016, se le suspendió nuevamente de la abogacía y la notaría por el término de seis meses por infringir los Cánones 12, 18, 19, 20 y 38

del Código de Ética Profesional, supra. Véase *In re Nazario Díaz*, supra. Igualmente, destacamos que el licenciado Nazario Díaz negó en todo momento haber incurrido en conducta contraria al Código de Ética Profesional, supra, e intentó justificar sus faltas éticas atribuyéndole toda la responsabilidad a la quejosa. Además, no perdamos de vista que sus clientes sufrieron graves perjuicios con la pérdida de sus tres fincas y la desestimación de sus casos ante el Tribunal de Quiebras, por la desidia e incompetencia del querellado.

Por todo lo expuesto, consideramos que procede imponerle al licenciado Nazario Díaz una suspensión por el término de un año.

## IV

Al amparo de los fundamentos enunciados, suspendemos inmediatamente al Lcdo. Carlos J. Nazario Díaz del ejercicio de la abogacía por el término de un año.

En consecuencia, se le impone al señor Nazario Díaz el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados

a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Carlos J. Nazario Díaz por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Carlos J. Nazario Díaz            CP-2013-0019
      (TS-12,077)




SENTENCIA


San Juan, Puerto Rico, a 4 de agosto de 2017.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente al Lcdo. Carlos J. Nazario Díaz del ejercicio de la abogacía por el término de un año.

En consecuencia, se le impone al señor Nazario Díaz el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Carlos J. Nazario Díaz por la Oficina del Alguacil de este Tribunal, así como por correo certificado con acuse de recibo a sus últimas direcciones conocidas.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                         Juan Ernesto Dávila Rivera
                       Secretario del Tribunal Supremo